Ft. Worth & Rio Grande Railway Company v. W. F. Brown.

Decided February 27, 1907.

**1.—Amount in Controversy—Damages—Interest—Pleading.**

In a suit in County Court for damages to real property by burning grass, etc., a prayer for judgment for $995 and for general relief does not claim an amount beyond the jurisdiction of the court. Interest, though recoverable in such case only as part of the damages, would be computed to make up the amount of damages so laid, and not as additional general relief.

**2.—Damage to Land—Pleading.**

Pleading alleging the value of land to be diminished in a stated amount by fire, is not subject to special demurrer for failing to state the value of the land before the burning and that after it.

**3.—Damages—Opinion—Market Value.**

Though there was no fixed market value for growing grass or for the land after the destruction of it by fire, a witness may give his opinion as to the relative value of the land before and after the fire, giving the facts on which his opinion is based.

**4.—Railway—Escape of Fire—Charge—Burden of Proof.**

An instruction that a railway company was not responsible for damages caused by escape of fire from its engines unless it failed to use ordinary care to prevent its escape was objectionable as changing the burden of proof fixed by the law in such cases.

Appeal from the County Court of Brown County. Tried below before Hon. S. C. Coffee.

*C. H. Yoakum* and *Jenkins & McCartney,* for appellant.—The court erred in entertaining jurisdiction of this case, for the reason that the amount in controversy is more than $1,000. City of Houston v. Lubbock, 79 S. W. Rep., 851; Gulf, C. & S. F. Ry. v. Sheperd, 76 S. W. Rep., 800; Texas & Pac. Ry. v. Tankersley, 63 Texas, 61; International & G. N. Ry. v. Lewis, 23 S. W. Rep., 324.

The court erred in permitting the witness to testify that plaintiff's land was worth $2.50 per acre less after it was burned over than it was before, because witness showed that he had never known such land to sell, and it appeared from his own testimony that he was not competent to give the information. Texas & N. O. Ry. v. Smith, 80 S. W. Rep., 247; Eastern T. Ry. v. Scurlock, 78 S. W. Rep., 490; Watkins Land Co. v. Campbell, 84 S. W. Rep., 424.

The court erred in refusing to give defendant's special charge No. 1, to the effect that the defendant was not responsible for the fire, unless it failed to use ordinary care to prevent its escape, and that it was not obliged to take such precautions as would absolutely prevent its escape, but its measure of duty in this respect is that it use ordinary care. St. Louis S. W. Ry. v. Gentry, 74 S. W. Rep., 607; St. Louis S. W. Ry. v. Goodnight, 74 S. W. Rep., 583; St. Louis S. W. Ry. v. Moss, 84 S. W. Rep., 281; St. Louis S. W. Ry. v. Knight, 49 S. W. Rep., 250.

No briefs for appellee were on file.

EIDSON, ASSOCIATE JUSTICE.—This is a suit brought by the appellee in the court below against appellant to recover damages on account of burning certain grass and timber on land of appellee, and injuring the land by such burning. Judgment·was recovered in the court below by appellee for the sum of $323.

Appellant by its first assignment of error contends that the court below did not have jurisdiction of this cause for the reason that the amount in controversy exceeded $1,000. This contention is based upon the prayer in appellee's petition for judgment for the sum of $995 and general relief. Appellant claims that the prayer for general relief authorizes the recovery of interest as a part of the damages sued for, and on that account the amount in controversy would be $995 plus the interest, which would exceed $1,000. While it is true in cases of this character interest may be allowed by way of indemnification as a part of the damages, it is never allowed *eo nomine,* and in order to recover interest, the damages claimed in the pleadings must be laid in a sufficient amount to cover the loss at the time of the accrual of the cause of action and the interest thereon from that date to the time of the trial. (San Antonio ·& A. P. Ry. Co. v. Addison, 96 Texas, 64.) Hence if interest was recoverable under the prayer for general relief, it could only be recovered as a part of the $995, the amount of damages laid in the petition, and that amount was the amount in controversy.

There was no error in the action of the court below in overruling appellant's special exception to appellee's petition. There is no practical difference in alleging the amount of the diminished value of the land caused by the injury, and in alleging its value before and after the injury and leaving it to a simple calculation to arrive at the amount of the diminution in value, as the same result is reached. (Denison & P. S. Ry. Co. v. Scholz, 44 S. W. Rep., 561.)

There was no error in the admission of the testimony complained of in appellant's third, fourth, fifth and sixth assignments of error. It clearly appears from the testimony that there was no market value for grass situated as and in the condition appellee's was at the time it was burned. Hence it was competent for the witnesses to give their opinions as to its value, after stating the facts upon which they based same, such as the character, kind, extent of growth, etc., thereof. (Gulf, C. & S. F. Ry. Co. v. Dunman, 85 Texas, 181; Galveston, H. & S. A. Ry. Co. v. Polk, 28 S. W. Rep., 353.)

Appellant's requested charge No 1 was properly refused, as it did not correctly define the duty imposed upon appellant under the circumstances of this case, and would have changed the burden of proof as fixed by law in cases of this character. (Campbell v. Goodwin, 87 Texas, 273; Gulf, C. & S. F. Ry. Co. v. Johnson, 92 Texas, 591.)

Appellant's other assignments of error have been duly considered, and in our opinion they do not present reversible error.

The judgment of the court below is affirmed.

*Affirmed.*