MOOSE v. MISSOURI, K. & T. RY. CO. OF
TEXAS.   (No. 9560.)

(Supreme Court of Texas.   Dec. 1, 1915.)

1. COURTS ⬥247—COUNTY COURTS—JURISDICTION—AMOUNT.

An action against a railroad in the district
court to recover for the destruction of a house
by fire, laying damages at $1,000, and interest
from the date of its destruction, inclusive of interest, made the amount in controversy more
than $1,000, and a case of which the county
court would not have had jurisdiction, so that
the jurisdiction of the Court of Civil Appeals
over the case was not final.

[Ed. Note.—For other cases, see Courts, Cent.
Dig. §§ 487, 749, 751–754, 757, 759, 760, 762–
764; Dec. Dig. ⬥247.]

2. DAMAGES ⬥69—UNLIQUIDATED CLAIMS.

In such action interest was recoverable
only as a part of the damages.

[Ed. Note.—For other cases, see Damages,
Cent. Dig. §§ 137–140; Dec. Dig. ⬥69.]

On motion to dismiss a petition for a writ
of error.   Motion overruled.

For opinion below, see 179 S. W. 75.

L. E. Blankenbecker, of Houston, for applicant.   Baker, Botts, Parker & Garwood, of
Houston, for defendant.

PHILLIPS, C. J.   The defendant in error
has filed a motion to dismiss the petition for
writ of error upon the ground that the jurisdiction of the Court of Civil Appeals over the
case is final; the amount in controversy being such as to make the suit cognizable by
the county court.

[1, 2] The suit was filed in the district
court.   It was one for the recovery of damages arising from the destruction of a house
by fire.   In the petition the damages are laid
at $1,000, with interest from the date of the
destruction of the house, June 2, 1913.   In a
suit of this character interest is recoverable
only as a part of the damages.   Baker v.
Smelser, 88 Tex. 26, 29 S. W. 377, 33 L. R. A.
163; Railway Co. v. Rayzor, 172 S. W. 1103.
Inclusive of the interest sued for, the amount
in controversy exceeds $1,000, and the case is
therefore not one of which the county court
would have had jurisdiction.

The motion is overruled.