STRICKLAND v. DUFFIE et al. (No. 5770.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 10, 1917. Rehearing Denied Feb. 7, 1917.)

1. JUSTICES OF THE PEACE ⬠⟿44(8)—JURISDICTION—AMOUNT IN CONTROVERSY.

A justice of the peace has jurisdiction of a suit to recover a deposit of $200 made to secure performance of a contract to exchange lands wherein no interest was prayed for, and interest allowed dated only from the date of judgment.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. § 166; Dec. Dig. ⬠⟿44(8).]

2. VENDOR AND PURCHASER ⬠⟿130(2)—PRESUMPTION OF PAYMENT.

Independent of the statute of limitations, where an abstract showed a judgment for a claimed owner of land decreeing him title on condition that he pay another claimant a certain sum which was entered in 1881, and the abstract further showed a conveyance by such person within three months of the judgment, and the other party never asserted any claim, it will be conclusively presumed in 1912 that the required payment was made and the title was good or marketable.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 246; Dec. Dig. ⬠⟿130(2).]

Error from Bexar County Court for Civil Cases; John H. Clark, Judge.

Suit by James T. Duffie and others against J. H. Strickland and the Stewart Title Guaranty Company. Judgment for plaintiff in the county court modifying a judgment of the

justice court for plaintiff, and J. H. Strickland brings error. Affirmed.

Templeton, Brooks, Napier & Ogden, of San Antonio, for plaintiff in error. Leonard Brown, of San Antonio, for defendants in error.

FLY, C. J. This is a suit by James T. Duffie against J. H. Strickland and the Stewart Title Guaranty Company to recover $200. The suit was begun in the justice's court on an open account for $200. The Stewart Title Guaranty Company disclaimed any interest in the $200, and answered that it was holding the same under the terms of a contract between Strickland and Duffie, whereby an exchange of property was made by them and the money deposited with the Title Guaranty Company by Duffie as security to Strickland that he would perform the conditions of the contract; that Strickland claimed that Duffie had failed to carry out his contract and demanded the money of the Title Guaranty Company, and said company was ready and willing to pay the money to the party to whom it was adjudged to belong. Judgment was rendered in the justice's court in favor of Duffie for $200, with interest from date of judgment. An appeal was perfected to the county court, where judgment was rendered in favor of Duffie for $175 and in favor of the Title Guaranty Company for $25, attorneys' fees to be taken out of the $200 held by it.

[1] It is claimed by plaintiff in error that the justice's court had no jurisdiction over the suit because the amount sued for was in excess of $200. That conclusion is reached by the assumption that the sum of $200, and interest, as damages, was sued for in the justice's court. The docket of the justice's court destroys such assumption; for it shows that the suit was for the money deposited by Duffie and did not include interest. The judgment of the justice of the peace permitted a recovery of interest only from the date of the judgment. The record clearly indicates that the only object of the suit was to recover money deposited as security to cover the breach of a contract, which the stakeholder was willing and ready to deliver to the person to whom it belonged. In the case of Railway v. Rayzor, 106 Tex. 544, 172 S. W. 1103, it is held, under a prayer to the petition similar to that of the petition filed in this case in the county court, that the plaintiff only sought interest on the judgment, and not interest on the amount as part of the damages. The court further held:

"Where the essential jurisdictional facts are alleged, before a litigant is, upon this ground, deprived of the right to be heard in the court of his selection, it is but a reasonable requirement that, in an allegation of his petition relied upon by his adversary to defeat the very jurisdiction he is invoking, it shall appear, not doubtfully, but plainly, that the jurisdiction of the court is negatived. In any doubtful case

all intendments of the plaintiff's pleading will be in favor of the jurisdiction."

In the present case the pleadings clearly indicate that a recovery of the $200 alone was sought. Freeman v. Walker, 175 S. W. 1133.

This is not a case of conversion and a discussion of the question whether interest was included in the suit of Duffie might have been pretermitted. No acts of conversion could be charged against the stakeholder because the money had been placed in its hands; it asserted no ownership in the money and was ready and willing to deliver it to the proper party. Nothing inconsistent with the position occupied by the company as stakeholder or bailee was done by it. If the money had been delivered to the wrong party, it would have been a conversion, but the bailee had done nothing inconsistent with the purposes of the bailment. The justice's court had jurisdiction of the cause.

[2] The statement under the first and second assignments of error fails to show that a complete abstract showing a good title was not presented to Strickland by Duffie within the time limit, but the facts are fully stated under the third and fourth assignments of error. Duffie presented a complete abstract of the title to the property to Strickland, in which as a link in the title was a judgment in the case of H. B. Adams et al. v. Michael Ryan, obtained and entered on June 24, 1881. In that judgment plaintiffs recovered the land in question from the defendant, and defendant recovered of plaintiffs $118.70, the amount of unpaid purchase money and $33.03 taxes. It is provided in the judgment that no writ of possession should issue until the plaintiffs paid the $151.73 into court for the benefit of Ryan, and if the amount was not so paid within 12 months from the date of the judgment, the title to the property should be vested in Ryan. The objection to the title was that payment of the money was not in any manner shown by the abstract. The abstract, however, showed that on October 4, 1881, about 3 months after the judgment was rendered, the plaintiffs in the judgment sold an undivided interest in the land. There were conveyances of the land by plaintiffs and those claiming through them in which the land is described as that recovered in the judgment. No conveyance was ever made by Ryan, and no taxes were paid by him. The contract in this case was made on May 24, 1912, over 30 years after the judgment was rendered in the case of Adams v. Ryan.

Under the facts and circumstances surrounding the judgment in Adams v. Ryan, which are disclosed by the abstract of title furnished by Duffie to Strickland, the legal presumption would arise that the purchase money and taxes were paid in Ryan. It has been held in cases of liens that, although the record did not show satisfaction, after a period of 30 years or more the title would be a good or marketable title. Maupin, Marketable Titles, § 307; Baldwin v. Trimble, 85 Md. 396, 37 Atl. 176, 36 L. R. A. 489; Katz v. Kaiser, 154 N. Y. 296, 48 N. E. 532; Barger v. Gery, 64 N. J. Eq. 263, 53 Atl. 488; Justice v. Button, 89 Neb. 367, 131 N. W. 736, 38 L. R. A. (N. S.) 1, and notes. From the day of the judgment in 1881 Michael Ryan has set up no claim to the property in question, while the plaintiffs in a short while after the judgment was rendered exercised rights of ownership to the land. The presumption that the purchase money was paid would be conclusive. This presumption of payment of the money would arise independently of any statute of limitations. Lawson on Presumptive Evidence, p. 308 et seq.; Gaines v. Miller, 111 U. S. 395, 4 Sup. Ct. 426, 28 L. Ed. 466; Weems v. Masterson, 80 Tex. 45, 15 S. W. 590. The rule laid down by Lawson is:

"Independently of a statute of limitations or in the absence of one, after a lapse of 20 years the law raises a presumption of the payment of bonds, mortgages, legacies, taxes, judgments, the due execution of a trust and the performance of a covenant."

The abstract of title accompanying the record shows that the action of Adams v. Ryan was one of trespass to try title, that the latter was in possession of the land, and it cannot be presumed that he relinquished possession until he was paid, and yet in three months after the judgment was rendered the plaintiffs therein exercised rights of ownership over the land, and M. Ryan never afterwards set up any claim in or against the land. The presumption is conclusive that the debt was paid and the abstract showed a good title. The presumption of payment arises from the abstract itself.

The judgment is affirmed.