# FEBRUARY, 1917

FORT WORTH & RIO GRANDE RAILWAY COMPANY v. WILL
MATHEWS ET AL.

No. 2780.    Decided February 7, 1917.

**1.—Amount in Controversy—Pleading.**

A litigant may, at his election, omit to sue for any item of the damages due
him, in which case such item is not placed in controversy unless necessarily in-
volved in damages claimed.    (P. 231.)

**2.—Same—Case Stated.**

Plaintiffs suing for damages to their property (injury to live stock by neg-
ligence of carrier in transporting them) alleged items of damages aggregating
$977.00, and prayed judgment for that sum "as damages without interest."
Held that the amount in controversy was within the jurisdiction of the County
Court, though interest on the amount of damage from date of injury was re-
coverable as an element of damages, and not interest as such, and, if claimed,
would have brought the amount in controversy above the jurisdictional limit of
$1000.00.    Pecos & N. T. Ry. Co. v. Rayzor, 106 Texas, 544, followed.    Pecos &
N. T. Ry. Co. v. Canyon Coal Co., 102 Texas, 478, 119 S. W., 294, distinguished.
(Pp. 229-232.)

Question certified from the Court of Civil Appeals for the Second
District, in an appeal from Coleman County.

*Andrews, Streetman, Burns & Logan, Snodgrass & Dibrell,* and
*Lockett & Rowe,* for appellant.—In actions for damages based on tort,
to ascertain the amount in controversy, so as to determine whether same
is within the jurisdiction of the court, interest from the time of the
accrual of the action, to the time of the filing of the plaintiffs' original
petition, is allowed as a part of the damages recoverable, and if the
sum named as the aggregate damages, together with such interest, is
in excess of the amount of which the court has jurisdiction, the court
has not jurisdiction of such a cause.    The amount in controversy is
determined by the statement of the cause of action, as alleged in the
plaintiffs' petition, and not by the amount asked for in the prayer;
the prayer merely limiting the amount of the recovery and not affecting
the amount in controversy as pleaded.    Allegations of petition and not
prayer determine jurisdiction.    Times Pub. Co. v. Hill, 36 Texas Civ.
App., 389, 81 S. W., 806; P. & N. T. Ry. Co. v. Canyon Coal Co., 119
S. W., 294; Ft. W. & D. C. Ry. Co. v. Hodge, 125 S. W., 350; Her-
rington v. Gulf, C. & S. F. Ry. Co., 142 S. W., 983.    Effect of petition
alleging amount beyond jurisdiction.    Ball v. Hagy, 54 S. W., 915;
T. & P. Ry. Co. v. Johnson, 118 S. W., 1116.

*Woodbury & Baker,* for appellees.—Pecos & N. T. Ry. Co. v. Rayzor,
106 Texas, 544, is in point and conclusive.

MR. JUSTICE YANTIS delivered the opinion of the court.

This case is before us on certified question from the Court of Civil Appeals for the Third District. It presents the question whether the amount in controversy is in excess of one thousand dollars, and that, therefore, the County Court in which the case was tried had no jurisdiction thereof. To the certificate of the Court of Civil Appeals there is attached, and made a part thereof, the plaintiffs' first amended original petition on which the case was tried in the County Court. Both the certificate and said petition are copied herein, and are as follows:

"This case is pending in the Court of Civil Appeals for the Third District on motion for rehearing. This court first held that the plaintiffs' petition showed on its face that the amount in controversy was in excess of $1000, and, therefore, that the County Court had no jurisdiction to try the case, although the plaintiff prayed for judgment for only $997. After our decision of the case, we sustained the appellees' second motion for a rehearing on account of the decision rendered by the Supreme Court in the case of Pecos & N. T. Ry. Co. v. Rayzor [106 Texas, 544], 172 S. W., 1103, which we regarded as in conflict with, and, therefore, overruling, our decision.

"Appellant has filed a motion for a rehearing, in which it is not only contended that this court ruled correctly in its former decision, but that this case is distinguishable from the Rayzor case, and that there is no conflict between them; and as the decision of this court will be final in this case, and as the question involved is one of importance, we have granted appellant's request and concluded to certify the question to your court for final decision. We attach hereto and make a part of this certificate a copy of the plaintiffs' amended original petition, which is the only pleading material to the question certified.

"The question certified may be stated in this form: Does the plaintiffs' petition show upon its face that the amount in controversy is in excess of $1000, and, therefore, beyond the jurisdiction of the County Court?

"In deciding that question this court held, as appears from our original opinion, that the plaintiffs' right to recover 6 per cent upon the amount of damage done to the property from the date of such damage, was as much a part of the plaintiffs' cause of action as the damage referred to, and the fact that the plaintiffs did not sue for the 6 per cent referred to was immaterial in determining the question of jurisdiction. (See Ft. W. & R. F. Ry. Co. vs. Mathews, 169 S. W., 1052.) But that holding seems to be in conflict with the Rayzor case.

"It is obvious that the question certified is material in this case. It is also one of considerable importance and public interest, and, therefore, the hope is expressed that the Supreme Court may be able to decide it at an early date."

First amended original petition above referred to is as follows:

"Now comes your petitioners, Will Mathews, Jack Babington and J. E. Boog-Scott, hereinafter styled plaintiffs, all of whom reside in

Coleman County, Texas, complaining of the Gulf, Colorado & Santa Fe
Railway Company, a corporation, with G. E. Dalton, its local agent,
located in Coleman, in Coleman County, Texas, and the Fort Worth &
Rio Grande Railway Company, a corporation, with its local agent,
L. C. Voekel, located at Brownwood, Brown County, Texas, hereinafter
styled defendants. That for cause of action plaintiffs represent to the
court that heretofore, towit, on and about the 18th day of March, 1909,
defendants were partners, and are now and were at said time agents
of each other, and on said date were engaged in shipping cattle and
other freight over their said roads for hire, as freight charges therefor,
and have been so engaged for a long time prior thereto and ever since
said date; and that on said date aforesaid these plaintiffs turned over
to the said defendants at Coleman, Texas, three carloads of fine regis-
tered cattle to be shipped over their said roads to Brady, Texas, via
Brownwood, Texas. That said cattle were received by said defendants
at Coleman, Texas, in fine shape and were to be placed on sale at
destination, and same consisted of twelve young bulls, eight heifers or
young cows, thirty-five cows and five calves, making the shipment in
the said three cars. That plaintiffs placed in said cars thirty bales of
hay for said cattle of the value of $12, and tied each of said cattle
in said cars (except the heifers and barred them off) with a strong and
sufficient rope, to prevent the bulls from mixing and injuring said heifers
and cows and calves, and that the defendants and their agents knew
the purpose of said shipment and tieing said cattle up in said cars, and
plaintiffs fully advised the defendants of said purpose of said tieing and
separating said shipment; that when said shipment arrived at Brown-
wood, Texas, said defendants by and through their said agents negli-
gently and intentionally and without the permission and knowledge of
plaintiffs, and unnecessarily, unloaded said cattle off of said cars they
were loaded in, and turned them loose in muddy pens with the ropes
on their heads and dragging on the ground and through the mud, and
mixed unnecessarily said bulls with said cows and heifers and calves,
and turned in said pens quite a number of other old bulls with this
shipment, which belonged to other parties than these plaintiffs, and
that the bulls ran, rode, fought and copulated with said cows, heifers
and calves all night, and fought the bulls of these plaintiffs, and said
plaintiffs' bulls rode, fought and copulated with said she cattle all
night in said pens; that by reason of such copulation the cows and
cattle were injured by being bred too young, and the progeny could
not be registered, and next morning said cattle were badly damaged
and injured by said negligence of said plaintiff as herein alleged, and
when they reached destination said cows were damaged in their market
value $15 per head, and said young heifers were damaged in their
market value $40 per head, and said bulls were damaged in their market
value $10 per head, and said calves were damaged in their market
value $1 per head, aggregating $970, and said hay of the value of $15
was thrown out by defendants at Brownwood and the damages and loss

to plaintiffs aggregating $977. That it was only about seventy-five miles from Coleman to Brady, and that there was no occasion for unloading said cattle at Brownwood. That said defendants received said cattle at Coleman and for a valuable consideration paid by plaintiffs undertook to ship said cattle to destination with dispatch and with proper care and attention but negligently unloaded said cattle at Brownwood as aforesaid to plaintiffs' damages as aforesaid, and plaintiffs here represent and state to the court that in the event they should be mistaken as to there being a market value for said cattle at destinaion, then in that event the plaintiffs allege that said cattle were injured in their intrinsic value in the amounts above mentioned and that they were damaged to said amount as above stated intrinsically, and said cattle were worth that much less per head after being damaged than before. That the plaintiffs have never been paid anything by the defendants for said damages, though often requested payment thereof, but defendants refused and now refuse to pay plaintiffs or any part thereof. Said cattle were shipped in the name of Will Mathews, but was the property of plaintiffs.

"Wherefore, plaintiffs pray defendants to be cited as required by law and upon hearing hereon they have judgment for the said sum of $977 as damages without interest, judgment for costs and general relief, and will ever pray."

We answer the question in the negative. The plaintiffs' petition does not show upon its face that the amount in controversy is in excess of $1000, but alleges the amount in controversy to be in the sum of $977. There were several items of damage sued for, and the petition alleged that all these items aggregated $977 (stated by Chief Justice Key to be $997). The petition expressly stated that the plaintiffs prayed judgment for that amount, "as damages without interest." It is not a case where interest is recoverable *eo nomine,* but if recoverable at all it is only recoverable as an item of damage. This item was not sued for, and was, therefore, not in controversy. A litigant may, at his election, omit to sue for any item which is due him (San Antonio & Aransas Pass Railway Co. v. Addison, 96 Texas, 64, 70 S. W., 200), and not thereby place such item in controversy, unless it is necessarily involved as a part of some other item of damage that has been placed in controversy. Pecos & Northern Texas Railway Co. v. Rayzor, 106 Texas, 544, 172 S. W., 1103; Fort Worth & Rio Grande Railway Co. v. Brown, 101 S. W., 266; First National Bank of Hubbard v. Cleland, 36 Texas Civ. App., 478, 82 S. W., 337; Missouri, Kansas & Texas Railway Company of Texas v. Dawson Brothers, 84 S. W., 298; Chicago, Rock Island & Gulf Railway Co. v. Whaley, 177 S. W., 543; Texas & Pacific Railway Co. v. Scott & Co., 86 S. W., 1065; St. Louis Southwestern Railway Company of Texas v. Starks, 109 S. W., 1003; Atchison, Topeka & Santa Fe Railway Co. v. Dawson, 90 S. W., 65; Western Union Telegraph Co. v. Garner, 83 S. W., 433; Moose v. Missouri, Kansas & Texas Railway Company of Texas, 180 S. W., 225.

The case of Pecos & Northern Texas Railway Company et al. v. Canyon Coal Co., 102 Texas, 478, 119 S. W., 294, is not in conflict with this holding. The allegations of the pleading in that case show certain items of damage in the aggregate to be the amount of $253.50, which is in excess of the jurisdiction of the Justice Court, where the suit was brought, of which, however, the plaintiff only sought to recover $199.50, in the following language: "Wherefore this plaintiff prays for judgment for the amount sued for and interest at 6 per cent per annum in all not to exceed $199.50." While the amount prayed for was within the jurisdiction of the court, the amount in controversy was held to be the aggregate value of all the items sued for, which was in excess of the jurisdiction. The opinion expressly limits the holding to the case made by the facts therein stated.