INTERNATIONAL & G. N. RY. CO. v. LYON. (No. 763.)

(Court of Civil Appeals of Texas. El Paso. Dec. 13, 1917. Rehearing Stayed Pending Action of Supreme Court on Certified Question Jan. 24, 1918.)

COURTS ⬥247(11)—AMOUNT IN CONTROVERSY —PRAYER.

Where plaintiff sued in justice court for damages for negligent death on a certain date of a horse valued at $100, not asking for interest, the interest is not in controversy, so that the Court of Civil Appeals is without jurisdiction.

Appeal from Leon County Court; C. D. Craig, Judge.

Suit by W. T. Lyon against the International & Great Northern Railway Company. Judgment for plaintiff, and defendant appeals. Dismissed.

L. T. Dashiell, of Centerville, B. D. Dashiell, of Jacksonville, Wilson, Dabney & King, of Houston, and S. N. Russell, of El Paso,

for appellant. Wm. Watson, of Centerville, for appellee.

HIGGINS, J. Appellee, on August 7, 1915, filed suit in the justice court to recover the sum of $100, the value of a horse alleged to have been killed by one of appellant's trains. Upon a trial de novo in the county court, judgment in his favor was rendered in the sum of $100. This judgment permits recovery of interest from its date. The railway company appeals. The pleadings of plaintiff are shown by the citation in the justice court. It is alleged that the horse was of the value of $100, and was killed November 8, 1913, and that by its death plaintiff had been damaged in the sum of $100. He asked judgment for his damages, costs, and general relief. There was no prayer for the recovery of interest.

Appellee has filed a motion to dismiss the appeal upon the ground that neither the judgment nor amount in controversy exceeds the sum of $100, exclusive of interest and costs. There can be no question that the judgment does not exceed that amount. As to whether the amount in controversy should be so considered there has been some confusion in the authorities, which to some slight extent has been cleared by the recent decision of the Supreme Court in Railway Co. v. Mathews (Sup.) 191 S. W. 559.

Appellant in support of the jurisdiction of this court over the appeal cites Railway Co. v. Albin, 185 S. W. 647, decided by this court, but we think the question presented is ruled by the Mathews Case and Railway Co. v. Rayzor, 106 Tex. 544, 172 S. W. 1103. The pleadings aver that plaintiff had been damaged by the death of the horse in the sum of $100. He only asked judgment for such damages and general relief. That was the case made by the petition in the Rayzor Case, and it was held that it was not to be construed as seeking the recovery of interest as a part of, and to be included within, the amount of the judgment. As we construe appellee's pleading here, he was not seeking the recovery of interest as a part of, and to be included within, the amount of the judgment. In other words, he has omitted to sue for interest as was done in the Mathews Case, and that case makes clear the right of a litigant to omit to sue for an item which is due him and not thereby place such item in controversy, unless it is necessarily involved as a part of some other item of damage that has been placed in controversy. In that case, the plaintiff omitted to sue for his interest, and it was held that it was not to be considered as a part of the amount in controversy.

On the other hand, in the Albin Case, it was held that interest, to which the allegations of the petition showed the plaintiff to be legally entitled to recover as an item of his damages, was to be considered a part of the matter in controversy, notwithstanding recovery thereof was not sought. Such holding is not in harmony with the later ruling of the Supreme Court in the Mathews Case as above set forth, and as to any conflict between the two holdings, the latter is controlling. The view of this court as set forth in the Albin Case cannot prevail against the superior authority of the Supreme Court. In obedience to this superior authority we hold that the amount in controversy does not exceed the sum of $100, and that the appeal should be dismissed. See, also, Strickland v. Duffie, 191 S. W. 622; Merchants, etc., v. Bank, 192 S. W. 1098.

Dismissed.

WALTHALL, J., not sitting, being absent on committee of judges assisting the Supreme Court.

&#9758;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes