CITY OF SAN ANTONIO v. PFEIFFER.
(No. 6253.)

(Court of Civil Appeals of Texas. San Antonio. Oct. 15, 1919. On Motion for Rehearing, Nov. 19, 1919.)

1. MUNICIPAL CORPORATIONS ⏤741(1), 845(1) —NOTICE OF INJURIES TO PROPERTY BY OBSTRUCTION OF SEWER.

As provisions requiring notice are in derogation of common right and should be construed with reasonable strictness and not extended by implication, the provision in the San Antonio charter that before the city should be liable for damages of any kind the person injured or some one in behalf of such person shall give written notice *held* to apply to personal injuries, and not injuries to property, as resulting from the obstruction of sewer which caused the flooding of basement of plaintiff's store, or injuries to plaintiff's automobile, which was struck by street sprinkler.

2. JUDGMENT ⏤256(7)—ADDITION OF INTEREST BY COURT TO AWARD OF JURY.

Where the question of the amount of damage suffered by plaintiff when the basement of his store was flooded, due to the obstruction of a sewer, was submitted to the jury, and a verdict was returned thereon fixing the damage, the court cannot add to the assessment an allowance of interest.

3. JUDGMENT ⏤256(7)—ADDITION OF INTEREST BY COURT TO AWARD OF JURY.

In an action for injuries to an automobile, where the jury was only required to find facts from which the court could ascertain the damage, interest may be awarded by the court, provided it is sued for.

4. INTEREST ⏤66—PLEADING OF DEMAND FOR INTEREST.

Where interest is not claimed by the pleadings, none can be recovered.

5. INTEREST ⏤66—SUFFICIENCY OF DEMAND IN PLEADING.

In suit against city on two causes of action, overflow of sewer, damaging plaintiff's goods, and injury to his automobile by street sprinkler, where damages from the first cause were alleged to be $2,000, and by an exhibit attached it was shown that the total damage was $2,019, and, as to the second claim, his general averment of $1,000 damages was explained by subsequent allegation that the automobile was worth at least $1,000 less after the damage than it was before, the petition affirmatively disclosed that interest was not included in the amounts sued for, so that interest could not be deemed to be included in the prayer for general relief; and, there being no specific prayer for interest, the petition could not be deemed to claim interest.

Appeal from District Court, Bexar County; J. T. Sluder, Judge.

Action by John Pfeiffer against the City of San Antonio. From a judgment for plaintiff, defendant appeals. Reformed and affirmed.

R. J. McMillan and J. D. Dodson, both of San Antonio, for appellant.
Leo Tarleton and Ryan & Matlock, both of San Antonio, for appellee.

MOURSUND, J. Appellee sued appellant for damages upon two causes of action: First, for negligently permitting débris to accumulate in Commerce street, while said street was being widened and paved, thereby causing a storm sewer to become stopped up and storm waters to overflow into the basement of appellee's drug store, damaging goods and property therein; second, for damages alleged to have been received by an automobile being negligently struck by a street sprinkler of appellant. In answer to special issues the jury found against appellant upon both causes of action.

The issue relating to assessment of damages upon the first cause of action is as follows:

"If you have answered the foregoing question that plaintiff's property was damaged by the overflow, then how much damage has the plaintiff suffered by reason of such overflow, if any?"

The answer was, "$1,000." In answer to appropriate questions the jury found that the difference between the reasonable market value of the automobile immediately before

it was struck and immediately after it was struck was $500.

[1] The court rendered judgment for the damages thus found, but in addition awarded interest upon each item from the time when the damage occurred.

Appellant relies upon certain charter provisions to defeat the claim for the damages caused by the overflow. These provisions are embraced in section 46, which reads as follows:

"Sec. 46. Before the city of San Antonio shall be liable for damages of any kind, the person injured, or some one in behalf of such person, shall give the mayor notice in writing of such injury within twenty days after the same has been received, stating in such notice, when, where and how the injury occurred and the extent thereof; provided, however, that in no event shall the city of San Antonio be liable in damages to any one on account of any defect in, obstruction on, or anything else in connection with any sidewalk in the city. And provided, further, that in order to hold the city of San Antonio liable in damages to any one on account of any injury caused by any defect in, obstruction on, or anything else in connection with any street, alley or plaza, outside of the said sidewalks along the same, it must be shown that the mayor or some person having superintendence or control of work on the streets for the city had actual knowledge or actual notice of such defect, obstruction or other thing for a sufficient length of time before such injury was received, to have remedied such condition of the street, alley or plaza before the injury was received."

No notice was given the mayor as provided in the first part of the section, and it is also contended that the evidence fails to disclose such knowledge or notice by the mayor, or some person having superintendence or control of the work, as is provided for in the latter part of the section, as a prerequisite to liability on the part of the city. Appellee contends that the charter provision relates only to damages caused by injuries to the person, and not to damages to property.

That part of section 46 of the charter extending to the first semicolon was enacted in 1903, and the subsequent portions were added in 1907 and re-enacted in 1911. Gammel's Laws, vol. 12, p. 331; vol. 13, p. 5641; vol. 15, p. 880. A provision requiring notice "is in derogation of common right, and should therefore be construed with reasonable strictness and not extended by implication beyond its own terms or held to apply to such damages as are not within its clear intent." City of Dallas v. Shows (Com. App.) 212 S. W. 633. It is by no, means clear that section 46 was intended to apply to damages to property. This being the case, we believe it should be construed to apply only to personal injuries. We, therefore, overrule the first and second assignments of error.

[2] The further contention is made that the court erred in awarding a recovery of in-terest. The plaintiff alleged his damage to goods, fixtures, etc., by reason of the overflow, to have been $2,000, and attached an itemized statement of the merchandise and fixtures destroyed and damaged, stating the value of the property destroyed and the damages to fixtures, etc. This statement showed the total damage to be $2,019.39. He alleged that the automobile was broken, scarred, and disfigured, "to plaintiff's damage in the sum of $1,000." After describing the injuries he alleged further that the market value of the automobile immediately before the injury was $2,500, and immediately after the injury occurred the market value thereof did not exceed the sum of $1,500. He prayed that he recover judgment against defendant "for his damages as herein set forth." There was a prayer for general relief, but no prayer for recovery of interest. No instruction was given the jury with respect to interest.

The issue as to the amount of damages suffered on account of the overflow was submitted to the jury, and a verdict returned thereon. That the court cannot add to the assessment thus made by awarding interest thereon is established by the ruling of the Supreme Court in the case of S. A. & A. P. Ry. v. Addison, 96 Tex. 61, 70 S. W. 200, in answering the first question certified in that case. The court based its ruling upon the principle that the judgment must follow the verdict. Although a case may be submitted on special issues, if an issue is submitted requiring the jury to ascertain the amount of damages sustained, the principle is just as applicable as when a general verdict is returned. The opinion of the court discloses that two of the cases cited by appellee in this case, namely, Railway v. Jackson, 62 Tex. 209, and Railway v. Greathouse, 82 Tex. 104, 17 S. W. 834, were called to the attention of the Supreme Court by the Court of Civil Appeals.

[3] The jury was not required to ascertain the amount of the damages suffered by appellee with respect to the automobile, but was only required to find facts from which the court could estimate the damages. In such a case it has been held by this and other courts, and we believe correctly, that interest may be awarded by the court, provided it is sued for. S. A. & A. P. Ry. Co. v. Sutherland, 199 S. W. 521; T. & P. Ry. Co. v. Erwin, 180 S. W. 662.

[4, 5] We conclude, however, that in this case interest is not recoverable upon either item of damages for the reason that the appellee failed to sue for the same. There can be no doubt that appellee could omit to sue for interest, and that such omission precludes a recovery of that item. The petition affirmatively discloses as to both causes of action that, in mentioning the amounts of the damages sued for, interest was not included. Plaintiff alleged his damages at $2,000 on account of the overflow, and by exhibit showed that the damages claimed by

him exceeded $2;000 at the very time the damage occurred, thus excluding the idea that interest was claimed and sued for. His general averment of damages to the extent of $1,000 upon the second cause of action is explained by his subsequent allegation to the effect that the automobile was worth at least $1,000 less immediately after it was damaged than it was immediately before the damage occurred. This being true, it follows that no interest could have been included in the claim of damages to the extent of $1,000. The petition contains no averment in the prayer or elsewhere showing that a recovery of interest was sought. Under the circumstances it must be held that interest was not sued for. Railway v. Mathews, 108 Tex. 228, 191 S. W. 559; Railway v. Rayzor, 106 Tex. 544, 172 S. W. 1103; Railway v. Lyon, 200 S. W. 228. Of course the damage may be alleged at such a high amount that in view of the facts stated it becomes apparent that interest is sought to be recovered. The question whether plaintiff has sued for interest must be determined from the petition, and a finding by the jury that plaintiff overestimated the value of his property or the extent of the damages thereto cannot affect the construction to be placed upon the petition.

The judgment will be reformed so as to eliminate the recovery of interest, and will be affirmed for the two sums stated in the verdict of the jury.

### On Motion for Rehearing.

Appellant contends that the language of the charter provision is plain and unambiguous. In order to arrive at this conclusion the words "damages of any kind" must be construed to mean damages, whether arising from breach of contract or tort of any kind, and the words "person injured" must be construed to mean person who has suffered damages. Although the language is subject to that construction it does not follow that it must be so construed, for if it is susceptible of a different construction not in derogation of common right, such latter construction must be given thereto. When we speak of "damages of any kind," reference may be had either to the method in which the damages were caused or the description of the damages with respect to class. The words "person injured" may mean person who has sustained bodily injuries or person who has sustained damages by virtue of any deprivation of a right. Appellant relies particularly upon the statement in the opinion in the case of City of Dallas v. Shows, which reads as follows:

"The phrase in this provision 'damages of any kind,' considered alone, would, of course, be sufficiently broad to include damages to either person or property."

The same might be said if the words, "of any kind," had been omitted. The statement 216 S.W.—14

made by the court, as we understand it, is simply that the language is subject to the construction that it relates to damages to either person or property, but not that it cannot be given any other construction. The court recognizes the fact that the words "person injured," are subject to more than one construction. If there had been no ambiguity or doubt as to the meaning of the provision with respect to notice of claims, the court would doubtless not have injected any ambiguity or doubt into it by referring to a provision regarding notice of a different kind. We do not find anything in the opinion in said case which leads us to believe that the rule of law quoted by us therefrom would not be applicable to the facts of this case.

Appellant also relies upon the case of Nichols v. City of Minneapolis, 30 Minn. 545, 16 N. W. 410. In that case the word "injuries" is explained by the subsequent use of the words "injury or damage." The reasoning of the court as to the purpose to be accomplished by notice of claims would apply in this case and also in the City of Dallas Case above referred to. There may be wisdom in requiring notice of any character of claim for damages caused by a defect in street or sidewalk, but nevertheless claims for property damage may so seldom arise and be of such small amount that the Legislature would deem it unnecessary to place them upon the same plane as damages on account of personal injuries. It is also to be borne in mind that if the first part of the San Antonio charter section is construed as appellant contends it must be construed, it would even require notice of damages suffered by reason of a breach of contract by the city.

Appellees, in their motion for rehearing, assume that in deciding the questions relating to interest we relied principally upon the Addison Case. That case was cited and relied upon on the proposition that the judgment must follow the verdict, and that the court cannot add interest to the verdict in cases where it is recoverable as part of the damages when the verdict constitutes a general finding of the amount of damages sustained.

In support of the proposition that no interest is sued for, and therefore none can be recovered, we relied upon the cases of Railway v. Mathews and Railway v. Rayzor, but the Addison Case is also authority for such holding. There can of course be no doubt that if interest is not a part of the amount in controversy, for jurisdictional purposes, it is also not in controversy for the purpose of being awarded in the judgment. The reasons relied on by us for holding that under said decisions interest was not sued for in this case are sufficiently disclosed in the original opinion. Appellees do not undertake to show why the rules laid down in the Ray-

zor and Mathews Cases would not apply in this case, but rely upon other cases, most of which do not relate to the question of pleading involved, but merely the question whether interest is recoverable if sued for. They cite, however, a late case, that of Wiess v. Gordon, 209 S. W. 486, which we are unable to distinguish from this case. We regret this conflict, but, being of the opinion that said case is in conflict with other decisions and incorrectly decided, must decline to follow it. In that case the court undertook to distinguish same from the case of St. L. S. W. Ry. Co. v. Starks, 109 S. W. 1003. The distinction drawn was that in the Wiess v. Gordon Case there was a prayer for general relief, while in the other case the court failed to state that there was such a prayer. The prayer for general relief has become such a well-understood feature of our pleading that it is difficult to conceive of its omission, and we think the assumption that it was omitted cannot well be indulged from the mere fact that an appellate court failed to mention it. We do not understand Judge Hodges' opinion as containing any expression from which it might be inferred that the court found no prayer for general relief in the petition, or that it regarded such a prayer as material in determining what was put in controversy by the pleadings. As we understand Judge Hodges' opinion the court held that in order to recover interest it should either be specially claimed, or the damages should be alleged at a sum in excess of the value of the property, so that the inference would arise that interest was claimed. In that case and in this the averments with respect to damages exclude the idea that interest was claimed. The prayer for general relief does not put that in controversy which is not in controversy in the averments relating to the damages suffered. In the Rayzor Case, supra, the prayer was for "judgment for his said damages in the sum of $975, with legal interest thereon, for costs of suit, and for general relief." The court held the words "with legal interest thereon" to be subject to the construction that interest on the judgment was prayed for, and that therefore only $975 was involved in the controversy. The prayer for general relief did not affect the ruling.

In the case of Wiess v. Gordon the court relies strongly on the cases of Watkins v. Junker, 90 Tex. 588, 40 S. W. 11, and Railway v. Greathouse, 82 Tex. 111, 17 S. W. 834. The first of these cases does no more than lay down the general rule that interest is recoverable as part of the damages in certain cases. The second contains language which, if not read in the light of the pleading, might be construed as a holding that interest could be recovered, although not sued for, but as a matter of fact in said case the items of damage sustained aggregated about $1,033, but the damages were alleged at $1,200. It was a case in which the pleadings were subject to the construction that interest was claimed, for upon no other hypothesis could the discrepancy between the damages claimed and the items of loss be accounted for. It therefore appears that what the court held was that, although there was no prayer for interest, and although it was not specifically mentioned in the pleadings, it could be recovered under a prayer for general relief if it appeared that it must have been claimed as a part of the damages alleged. The fact that the court had in mind the proposition that there was no prayer for interest is shown by the citation of the case of Railway v. Jackson, 62 Tex. 209, in which the court stated there was no prayer for interest, but that, as plaintiff sought to recover an item of interest paid out by him, and in connection therewith asked for the recovery of interest at the rate of 1 per cent. per month during the time the cotton was detained, it sufficiently appeared that interest was sued for, and it was therefore recoverable.

Railway v. Addison, supra, is not in conflict with any of the cases herein referred to except, as we understand it, that of Wiess v. Gordon. In the Greathouse Case the court did not undertake to add interest to the verdict, and the Jackson Case was tried before the court, so there can be no conflict on the point decided in the Addison Case in answer to the first question certified. In the Addison Case the suit was for $130; no prayer for interest but a prayer for general relief. The court held that the recovery was necessarily limited to $130. In the Greathouse Case the damages were alleged at $1,200, which sum exceeded the items of actual loss, about $160. Therefore interest was recoverable, but not more than $1,200 could be recovered. The verdict and judgment were for $900. The court's discussion related to the point whether interest could be estimated in deciding whether the $900 was excessive. It is obvious that there is no conflict between the Addison Case and the cases of Railway v. Greathouse and Railway v. Jackson with respect to the holding concerning the recovery being limited to the pleadings. In the Wiess v. Gordon Case the court appears to have approved a judgment for $297.50 and interest, although the damages were alleged at $297.50, and there was no prayer for interest, but only for general relief. If we understand that case, it appears to us to be in conflict with the Addison Case, as well as the case of Railway v. Starks.

The motions for rehearing are overruled.