### A. F. MERRILL ET AL. V. C. L. BRADLEY ET AL.

No. 1929.   Decided May 26, 1909.

**Deed—Heirs—Community Property.**

Heirs of real estate which was community property of their deceased parents appointed, by power of attorney, one agent to recover for them all lands in Texas to which they were entitled as heirs of the father, authorized him to sell and convey all lands in Texas in which they had any interest, and in consideration of the services to be performed conveyed to him "an undivided half interest in and to all of said lands." Held that the "said lands" in the last clause referred to the land last before mentioned, that is, to all the lands in Texas in which they had any interest; that it included the interest inherited from the mother as well as from the father, and conveyed one half interest in the entire community estate inherited. (Pp. 482-484).

Vol. CII, Supreme—31.

Question certified from the Court of Civil Appeals for the First District in an appeal from Harris County.

*Wm. M. Anderson* and *G. H. Pendarvis,* for appellant.—The instrument appears upon its face to be the act of the heirs at law of J. H. Merrill, and if valid, operated to convey an undivided half only of such interest as the grantors owned by inheritance from J. H. Merrill. Thompson v. Cragg, 24 Texas, 582; Grigsby v. Caruth, 57 Texas, 269; Moody v. Butler, 63 Texas, 210; Franklin v. Piper, 5 Texas Civ. App., 253; West v. Hermann, 104 S. W., 432; Milliken v. Callahan, 69 Texas, 210; Stone v. Sledge, 87 Texas, 49; Barnett v. Houston, 18 Texas Civ. App., 138; Thompson v. Johnson, 24 Texas Civ. App., 250.

If it be conceded that Yeagley held a valid conveyance from the appellants of an undivided one-half of all property in the State of Texas owned by them as heirs at law of J. H. Merrill, when Yeagley offered to sell to the appellees an undivided half of a particular piece of property, they were bound to inquire what facts brought that particular piece of property within the terms of the conveyance to Yeagley. It was not sufficient that the last recorded conveyance was to J. H. Merrill. Neither that conveyance, or anything else of record, showed title in the persons who signed the conveyance to Yeagley. The appellees were bound to inquire into the connection between the persons who conveyed to Yeagley and J. H. Merrill. Edwards v. Brown, 68 Texas, 332; New York & Texas Land Co. v. Hyland, 8 Texas Civ. App., 601; Heidenheimer v. Loring, 6 Texas Civ. App., 569.

*Joe M. Sam* and *C. L. Bradley,* for appellees.—The instrument should be construed in accordance with the intention of the parties as gathered from the entire instrument, and such intention will be presumed and such construction given to each portion as will give a clear, harmonious effect to all parts of the instrument, where such is possible, rather than such construction to different portions as will cause ambiguity, uncertainty, repugnancy, or confusion. Hearne v. Gillette, 62 Texas, 26; Moore v. Waco, 85 Texas, 206; Merchants Exchange v. Butler, 3 Texas App. C. C., 377; Faulk v. Dashiell, 62 Texas, 642; Cartwright v. Trueblood, 90 Texas, 537-8.

MR. CHIEF JUSTICE GAINES delivered the opinion of the court.

This is a certified question from the Court of Civil Appeals of the First District. The statement and questions are as follows:

"Appellants in this action sue in trespass to try title to recover of appellees a one-half interest in a lot or parcel of ground in the city of Houston. Judgment was against them and they appealed. Upon submission the judgment was reversed and the cause remanded. Appellants not being satisfied with our holding upon certain questions involved have filed a motion for rehearing. Being in doubt as to the correctness of our holding in the matter, we have concluded that it would be proper to certify the questions involved to Your Honorable Court.

"The material facts are as follows: Appellants are the children and heirs at law of J. H. Merrill and his deceased wife. The parcel of ground in controversy belonged to J. H. Merrill and his said wife in community, having been acquired by deed to J. H. Merrill during the marriage. Merrill and his wife have been dead some years, the wife surviving the husband. On December 12, 1904, appellants executed to one F. H. Yeagley an instrument of which the following is a copy:

"'State of Louisiana, Parish of East Baton Rouge. Know all men by these presents: That we, the heirs-at-law of James H. Merrill, deceased, have made, constituted and appointed F. H Yeagley, of Harris County, Texas, our true and lawful agent and attorney in fact, for us and in our names, place and stead, to recover and take possession of any and all lands that we, or either of us, may be entitled to in the State of Texas as heirs-at-law of James H. Merrill, deceased, and to institute all necessary and proper suits for the recovery of said lands, and we further empower our said agent and attorney to make such compromises with any and all persons whomsoever who may be in any manner claiming any of said lands adversely to us, which may be deemed to be to our best interest and advantage by our said agent and attorney, hereby specially authorizing our said attorney, F. H. Yeagley, to grant, sell, alien and convey any and all of the lands that we may have any interest in, in Texas, and to make, execute and deliver good and sufficient deeds of conveyance to the purchaser thereof, in our names, after having obtained the written consent of parties hereto, and for and in consideration of the services heretofore rendered, the money paid out and expended by our said agent and attorney in the investigation and prosecution of the matters herein intrusted to him, and the further consideration of one dollar cash, we do hereby grant, sell, alien and convey unto the said F. H. Yeagley an undivided one-half interest in and to all of said lands, hereby revoking all other powers of attorney heretofore executed by us pertaining to said lands. Our said agent and attorney, however, is to pay any and all expenses of whatsoever name and nature, in and about the recovery of said lands.'

"Under this instrument Yeagley sold and conveyed to appellees the one-half of the lot which he claimed and conveyed to him by this instrument as compensation for his services.

"In this suit appellants seek to set aside the instrument and to recover the entire property, on the ground that the execution of this instrument was procured by fraud, of which appellees had notice at and before their purchase. They seek further, if this instrument be upheld, to recover the one-half of the half conveyed to Yeagley and by him to appellees, being the interest inherited by them from their deceased mother as her share of the community, on the ground that the instrument, if valid, only conveyed to Yeagley the one-half of the half interest inherited by them from their father, J. H. Merrill; and did not include any part of the interest which they own as heirs of their deceased mother. This is resisted by appellees, who advance the further proposition that they had no notice at the time of their purchase that the property was community of J. H. Merrill

and wife, and that appellants owned or claimed any interest as heirs of their deceased mother.

"We find as a fact that appellees, at the time of their purchase, had no notice that the property was community, and that appellants inherited one-half from their father and one-half from the estate of their mother, unless the terms of the instrument referred to were sufficient to put them upon inquiry or affect them with such notice.

"Upon this statement the following questions are certified to your Honorable Court:

"First Question. Did the instrument referred to, if valid, serve to convey to Yeagley a one-half interest in the entire lot or parcel of ground, or is it to be limited to a half interest in the half interest owned by appellants as heirs of J. H. Merrill, their deceased father?

"If in reply to this question it be answered that the instrument by its terms only conveyed the interest of appellants as heirs of J. H. Merrill, you are respectfully asked the following:

"Second Question. Were the terms and provisions of the instrument in question sufficient to affect appellees with notice or put them upon inquiry as to the claim of appellants that the property was community property of their father and mother and that they owned an undivided one-half thereof as heirs of their deceased mother?

"It is insisted in appellants' motion for rehearing that our holding upon the last proposition as set out in the opinion is in conflict with the holding of the Court of Civil Appeals of the Fourth District in Veatch v. Gilmer, 111 S. W., 746, and this appears to us to be true."

We are of opinion that the instrument conveyed to Yeagley a one-half interest in the entire lot or parcel of ground. It is true that the constituents or grantees in the instrument recite that they are heirs-at-law of James H. Merrill and authorize Yeagley to recover and take possession of all lands to which they are entitled as heirs-at-law of James H. Merrill, but in the next clause he is authorized to grant, sell, alien and convey any and all lands that they may have an interest in, in Texas; and then follows the granting clause, in which they convey unto said attorney "an undivided one-half interest in and to all of said lands," etc. To what do the words "said lands" refer? If to those mentioned in the first clause, then we should probably hold that the instrument conveyed only one-half of the J. H. Merrill half in the land; but if they refer to those mentioned in the second, to wit: "all lands that they may have an interest in, in Texas," then it conveyed one-half of all the lands in Texas, to which they had title. It seems to us that "said lands" in the last clause would embrace not only the lands to which they had title as heirs of J. H. Merrill, "but any and all lands to which they had an interest in in Texas." There is nothing in the instrument to show that by the words "said lands" it was meant to restrict the meaning to the lands inherited from J. H. Merrill. In the absence of such language we think "said lands" mean all the land previously mentioned.

Our answer to the first question is such as to render the answer to the second unnecessary.