HOOPER LUMBER COMPANY v. TEXAS FIXTURE COMPANY.

No. 2869. Decided April 20, 1921.

(230 S. W., 141.)

**1.—Jurisdiction—Amount in Controversy—Voluntary Reduction.**

Where plaintiff had against defendant a liquidated claim (open account for goods sold) in amount sufficient to give the County Court exclusive jurisdiction of a suit thereon, he could not, by abandoning his debt to the extent that it exceeded that amount (reducing it from $202.50 to $197.75) deprive that court of its original jurisdiction and maintain suit on his claim, so reduced, in the Justice Court. (P. 170).

**2.—Same—Case Distinguished.**

The ruling herein (following Missouri, K. & T. Ry. Co. v. Smith, 98 Texas, 47; Pecos & N. T. Ry. Co. v. Canyon Coal Co., 102 Texas, 481; Burke v. Adoue, 3 Texas Civ. App., 496; St. Louis S. W. Ry. Co. of Tex. v. Berry, 177 S. W., 1187) is distinguished from that applied in Ft. Worth & R. G. Ry. Co. v. Matthews, 108 Texas, 231, a case where plaintiff's demand admitted of a segregation of the amount sought to be remitted from that sued for. (P. 170).

Question certified from the Court of Civil Appeals for the Second District, in an appeal from Tarrant County.

*Mike E. Smith* and *George Dunaway,* for appellants.

A creditor who has an account against a person that exceeds the jurisdiction of the justice court may, before filing his petition, aban-

don and receipt said account for the excess and bring a suit in the justice court for the balance due. Hunton v. Luce, 29 S. W., 151; Fuller v. Sparks, 39 Texas, 137; Odle v. Frost, 59 Texas, 686; Duer v. Seydel, 20 Texas, 61, 11 Cyc., 781; Stewart v. Thompson, 85 Ga., 830; Denny v. Eckelkamp, 30 Mo., 140; Wharton v. King, 69 Ala., 365; Carpenter v. Wells, 65 Ill., 451; Barber v. Kennedy, 18 Minn., 218; Felt v. Felt, 19 Wis., 208; Woolever v. Stewart, 36 Ohio St., 146; Brantley v. Finch, 97 N. C., 91.

*Bryan, Stone & Wade,* and *W. C. Blalock,* for appellee.

When it appears from the allegations and proof that the plaintiff is entitled to a fixed sum which is beyond the amount which the law has empowered the justice court to adjudicate, the plaintiff should not be permitted to enter a fictitious credit for the purpose of giving jurisdiction and the entry of such fictitious credit does not confer jurisdiction upon the justice court. Burke v. Adoue, 3 Texas Civ. App., 496, 22 S. W., 825; P. & N. T. Ry. Co. v. Canyon Coal Co., 102 Texas, 478; Ft. W. & D. C. Ry. Co. v. Hodge & Speer, 125 S. W., 350; T. & P. Ry. Co. v. Hood, 125 S. W., 983; C. R. I & G. Ry. Co. v. Gladish, 175 S. W., 863; Wilson v. Ware, 166 S. W., 705; St. Louis S. W. Ry. Co. v. Berry & Slauter, 177 S. W., 1187.

In the case at bar if the appellant had seen fit to abandon his claim for certain pieces of lumber, one certain item in the account or certain items in the account sufficient to bring the account within the jurisdiction of the justice court, we do not believe that under the decisions the appellee would have any right to complain, but such were not the facts. Appellant did not credit their books with any particular item, and in fact did not credit the books with any amount, but the account furnished counsel for appellant for the purposes of suit merely bears a fictitious credit in an amount sufficient to bring the account within the jurisdictional amount of the justice court.

MR. JUSTICE GREENWOOD delivered the opinion of the court.

Appellee owed appellant an open account for goods, wares and merchandise in the sum of $202.50, of which no part was paid by or for appellee. Appellant was of the belief that it would lose its entire debt unless it could get a speedy judgment, and, for the express purpose of bringing the amount within the jurisdiction of the justice's court, appellant abandoned and renounced its debt to the extent that it exceeded $199.75, intending to be forever precluded from asserting any claim to such excess.

Appellant then sued appellee in the justice's court on the account for $199.75.

Appellee sought to dismiss the cause in both the Justice's Court and in the County Court, to which the case was taken by certiorari, on the facts stated, which were properly plead and were admitted to be true.

The Justice's Court gave appellant judgment for the amount sued for, with interest and costs. The County Court dismissed the suit on the ground of want of jurisdiction.

The above facts appear from the certificate of the Court of °Civil Appeals; and the question certified is:

"Whether or not the County Court erred in dismissing the cause for want of jurisdiction?"

We answer that there was no error in the action of the County Court.

Appellant's claim was a liquidated demand for $202.50, of which exclusive jurisdiction was given by the Constitutiton to the County Court. It was not shown that this demand embraced any cause of action either optional or severable for the amount sought to be remitted. Appellant appears to have undertaken to deprive the County Court of its exclusive jurisdiction by merely willing that an arbitrary part of its demand be extinguished. No actual extinguishment of any part of the demand resulted from the mental operation of appellant alone, for which no consideration existed. Missouri K. & T. Ry. Co. v. Smith, 98 Texas, 47, 66 L. R. A. 741, 107 Am. St., 607, 4 Am. Cases, 644, 81 S. W., 22. The demand remained one within the County Court's jurisdiction and appellee had the right, on his seasonably interposed objection, to have the suit determined by that court. Pecos & N. T. Ry. Co. v. Canyon Coal Co., 102 Texas, 481, 119 S. W., 294; Burke v. Adoue, 3 Texas Civ. App., 496, 22 S. W., 824, 23 S. W., 91; St. Louis S. W. Ry. Co. of Texas v. Berry, 177 S. W., 1187.

To avoid misinterpretation of our answer, it may be best to say that if appellant's demand had admitted of a segregation of the amount sought to be remitted, a different question would have been presented. In that event, the case would have been governed by the principle applied in Ft. Worth & R. G. Ry. Co. v. Mathews, 108 Texas, 231, 191 S. W., 559.