## JOLLY v. UNDERWOOD.   (No. 1799.)

(Court of Civil Appeals of Texas.   El Paso. Nov. 5, 1925.)

Justices of the peace ⟷58(5)—Allegations held to show that amount in controversy in excess of that over which justice had jurisdiction.

In application for distress warrant, allegations in application that ·tenant was indebted in sum of $200 for rent during period of 6 months, at rate of $40 per month, without any allegation as to any payments having been made, *held* to conclusively show that amount due was $240, and therefore beyond jurisdiction of justice court.

Appeal from Reagan County Court; W. W. Pittman, Judge.

Application in justice of the peace court for distress warrant by W. W. Jolly against Jake Underwood, in which judgment was entered for applicant. On motion in county court, after appeal thereto, cause was dismissed, and applicant appeals. Affirmed.

Edwin F. Vanderbilt, of Big Lake, for appellant.

J. A. Moore, of Big Lake, for appellee.

PELPHREY, C. J. This case arose in the justice of the peace court in precinct No. 2, of Reagan county, Tex., upon the application of appellant for a distress warrant before Hon. W. D. Riser.

In his application appellant alleged that appellee was indebted to him in the sum of $200 for rents on certain premises in Reagan county, by virtue, of a lease contract entered'into by the parties for a period of six months, beginning the 20th day of November, 1924, at a monthly rental of $40 per month. The distress warrant was applied for on November 21, 1924. Distress warrant was issued and return made thereon showing seizure of certain personal property of appellee thereunder.

Trial before a jury resulted in a verdict for appellant on the lease contract in the sum of $90. Court entered judgment of appellant for said sum and costs, establishing landlord's lien, foreclosing said lien on the seized property, and ordered a sufficient amount of same sold to satisfy the judgment rendered. Appellee gave notice of appeal to the county court, and filed appeal bond, which was approved. Appellee, on the 17th day of February, 1925, filed a motion in county court to dismiss the cause setting up the following grounds:

(1) That the judgment rendered by the justice of the peace was not the judgment intended by the jury which, tried the case; (2) that it was contrary to the verdict of the jury; (3) that the property on which the lien is foreclosed is exempt property; and (4) that the pleading did not give the justice court jurisdiction of the cause. This motion was sustained by the county court, and ordered the case dismissed, from which action of the court appellant has appealed.

### Opinion.

The only question submitted for review is that of the action of the court in sustaining appellee's motion to dismiss for want of jurisdiction. The record discloses that appellee, on November 21, 1924, made application to have certain property of the appellant distrained for rents which he claimed was then due him as landlord of appellant. He further alleged appellant to be justly indebted to him in the sum of $200 for the rent of the premises described in the application for and during the current

six months, beginning the 20th day of November, A. D. 1924, and ending the 20th day of May, A. D. 1925, the same being now due and payable at the rate of $40 per month, payable in advance on the 20th day of each consecutive and successive month during said lease. It thus appearing from the application that appellee, from his allegations, was entitled to a fixed sum, to wit, six months' rent at the rate of $40 per month or an aggregate of $240, clearly the amount shown by appellee's allegations as to how the indebtedness arose would govern the amount in controversy, regardless of the sum prayed for. Hooper Lumber Co. v. Texas Fixture Co., 111 Tex. 168, 230 S. W. 141; Gulf, C. & S. F. Ry. Co. et al. v. Hamrick (Tex. Civ. App.) 231 S. W. 166.

Our Supreme Court, in Pecos & N. T. Ry. Co. v. Canyon Coal Co., 102 Tex. 478, 119 S. W. 294, held that a case wherein plaintiff was suing for damages for conversion of 160 tons of coal, and alleged the loss from the conversion to be $1.50 per ton, was beyond the jurisdiction of the justice court, notwithstanding the plaintiff sued for "damages and interest in all not to exceed $199.50." The court held that the plaintiff in such a case could not remit a portion of the claim sued upon for the purpose of bringing his action within the jurisdiction of the justice court. In the above case the court approved the holding of the Court of Civil Appeals in Burke v. Adoue, 3 Tex. Civ. App. 494, 22 S. W. 824, 23 S. W. 91, and incorporated into its opinion the following quotation from that opinion:

"When the amount to which the plaintiff appears from his allegations to be entitled is a fixed sum, and is beyond that which the law has empowered the court to adjudicate, the plaintiff should not be permitted to enter a fictitious credit for the purpose of giving jurisdiction."

In the present case we find appellee alleging that appellant is justly indebted to him for certain rents, and, as a basis for such indebtedness, alleges a lease for the period of 6 months at the rate of $40 per month, without any allegation as to any payment or payments having been made upon said lease contract. While it is true that he alleges the indebtedness to be only $200 and prays for a judgment for only that amount, still, we think the allegations, taken as a whole, conclusively show the amount due appellee to be $240, and therefore beyond the jurisdiction of the justice court, and certainly would this be true in the absence of any allegation of payments on credits, and to hold otherwise would either be allowing appellee to remit a portion of the amount due him or to enter a fictitious credit for the purpose of giving jurisdiction.

It may be said that a person should not be heard to complain as to the jurisdiction of a court when its jurisdiction is a sum less than the sum which the party really is indebted, but the Supreme Court, in the case of Pecos & N. T. Ry. Co. v. Canyon Coal Co., supra, said that—

"The defendant had a right to have the issue involved in the case tried in a court of competent jurisdiction, and he cannot be deprived of that right by an act of his opponent to which he does not consent."

The facts alleged in the application showing the appellant indebted to the appellee in a sum greater than the justice court had power to adjudicate, we hold that the county court was correct in sustaining the motion to dismiss for want of jurisdiction.

Affirmed.