My reasons for the above conclusions will be stated in a formal dissenting opinion, which I will file as soon as its preparation may be completed.

### GLENN v. STEELE et al.
### No. 19596.

Supreme Court of Texas.

May 26, 1933.

Kirby, King & Overshiner and Frank E. Smith, all of Abilene, for plaintiff in error.

J. B. Lewright, of San Antonio, and Cunningham & Oliver, of Abilene, for defendants in error.

### PER CURIAM.

The facts and issues of this case are fully stated in the opinion of the Court of Civil Appeals, 57 S.W.(2d) 908.

The suit, which is based on fraud, was filed in the district court of Taylor county, Tex., by Dr. R. P. Glenn against Wallace Steele and Delaware Punch Company of America, a corporation. Trial in the district court with a jury resulted in a verdict and judgment for Dr. Glenn. On appeal the Court of Civil Appeals reversed this judgment and rendered judgment for the defendants. Dr. Glenn brings error.

We dismiss this application for want of jurisdiction (dismissed W. O. J.), by authority of article 1728, R. C. S. 1925, as amended (Vernon's Ann. Civ. St. art. 1728), because we believe that the evidence shows as a matter of law that the alleged fraud made the basis of the recovery herein sought by Dr. Glenn was discovered by him more than two years prior to the filing of this suit. In this condition of the record the Court of Civil Appeals was correct in reversing the judgment of the district court in favor of Dr. Glenn, and rendering judgment for Steele and Delaware Punch Company of America on their plea of two years' limitation.

We do not believe there is any material confusion or conflict in the decisions of this court relating to when the period of limitation begins to run in fraud actions. The rule is that limitation begins to run from the time of the discovery of the fraud, or from the time it might have been discovered by the use of reasonable diligence. Stated in another form, fraud will prevent the running of the statute of limitations until discovered, or by reasonable diligence might have been discovered. Knowledge of facts that would cause a reasonably prudent person to make inquiry which would lead to a discovery of the fraud is in law a knowledge of the fraud. Tex. Jur. vol. 20, p. 112, § 75, and authorities there cited.

### MARYLAND CASUALTY CO. v. OVERSTREET.
### No. 1441—6096.

Commission of Appeals of Texas, Section B.

June 24, 1933.

R. L. House and R. H. Mercer, both of San Antonio, for plaintiff in error.

Shelton & Shelton, of Austin, for defendant in error.

LEDDY, Judge.

We sustain plaintiff in error's assignment complaining of the action of the trial court in overruling the general demurrer urged by it to defendant in error's cross-action.

The cross-action against which the demurrer was leveled was one in the county court to recover compensation under the Workmen's Compensation Law. It described an injury for which such law fixes compensation at a sum in excess of $6,000. Defendant in error sought to limit the recovery on the cause of action alleged by his prayer in which he asked that judgment be awarded him in the sum of $980.

■ Under the Constitution of this state, the district court was vested with exclusive jurisdiction to try and determine the cause of action described in the cross-action. Such jurisdiction could not be ousted by defendant in error's attempt to remit a portion of the claim sued upon for the purpose of bringing his action within the jurisdiction of the county court. Pecos & North Texas R. Co. v. Canyon Coal Co., 102 Tex. 478, 119 S. W. 294; Gimbel & Son v. Gomprecht & Co., 89 Tex. 497, 35 S. W. 470; Cotulla v. Goggan & Bros., 77 Tex. 32, 13 S. W. 742; Cox v. Overton (Tex. Civ. App.) 240 S. W. 642; Burke v. Adoue, 3 Tex. Civ. App. 494, 22 S. W. 824, 23 S. W. 91; Times Publishing Co. v. Hill, 36 Tex. Civ. App. 389, 81 S. W. 806; St. Louis S. W. R. Co. v. Berry & Slauter (Tex. Civ. App.) 177 S. W. 1187; Jolly v. Underwood (Tex. Civ. App.) 277 S. W. 446; Taylor v. Buzan (Tex. Civ. App.) 241 S. W. 1084; Gulf, C. & S. F. R. Co. v. Hamrick (Tex. Civ. App.) 231 S. W. 166.

In the first case above cited, the facts disclosed that the plaintiff sued in the justice court for damages sustained by reason of the conversion of 160 tons of coal valued at $1.50 per ton, making a total within the exclusive jurisdiction of the county court. It was decided by the Supreme Court that the amount in controversy was beyond the jurisdiction of the justice court, although under the plaintiff's prayer he sought to recover only $199.50, a sum within the jurisdiction of that court.

In the case of Hooper Lumber Co. v. Texas Fixture Co., 111 Tex. 168, 230 S. W. 141, the doctrine announced in the above case was reaffirmed. In denying a plaintiff's right to remit a portion of his cause of action for jurisdictional purposes, the court said: "Appellant appears to have undertaken to deprive the county court of its exclusive jurisdiction by merely willing that an arbitrary part of its demand be extinguished. No actual extinguishment of any part of the demand resulted from the mental operation of appellant alone, for which no consideration existed. Missouri, K. & T. Ry. Co. v. Smith, 98 Tex. 47, 81 S. W. 22, 66 L. R. A. 741, 107 Am. St. Rep. 607, 4 Ann. Cas. 644. The demand remained one within the county court's jurisdiction, and appellee had the right, on his seasonably interposed objection, to have the suit determined by that court."

There is a well-defined exception to the rule announced in the above cases, and that is that, if a demand admits of segregation of the amount sought to be remitted, a plaintiff may validly abandon a severable portion of his claim, and jurisdiction will be tested by the amount of the remaining claim. Fort Worth & R. G. R. Co. v. Mathews, 108 Tex. 231, 191 S. W. 559. Similarly, in a suit for damages where the amount recoverable is not definitely fixed by law or otherwise alleged, for jurisdictional purposes, the sum prayed for would constitute the amount in controversy.

The claim asserted by defendant in error does not fall within the exception. Such a cause of action is not severable. It is based upon an alleged permanent partial disability for which the compensation law fixes a definite and specific sum—one which is within the exclusive jurisdiction of the district court.

■ Inasmuch as defendant in error would have been allowed the privilege of amending his cross-action if the trial court had sustained the general demurrer urged thereto, his cross-action will not be dismissed.

We recommend that the judgments of the county court and the Court of Civil Appeals be both reversed and the cause remanded for another trial.

CURETON, Chief Justice.

Judgments of the county court and Court of Civil Appeals are both reversed, and cause remanded, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.