## BANKERS' HEALTH & ACCIDENT CO. v. KIMBRO.

### No. 2431.

Court of Civil Appeals of Texas. Beaumont. July 18, 1933.

Rehearing Denied July 19, 1933.

Davis, Avery & Wallace, of Center, and John G. Cramer (of Cole, Cole, Patterson & Kemper) of Houston, for appellant.

Anderson & Lewis, of Center, for appellee.

O'QUINN, Justice.

Ray Kimbro brought suit in the justice court of precinct No. 1, Shelby county, Tex., against the Bankers' Health & Accident Company, on a policy issued by said company, to recover indemnity for twenty-six days' total incapacity, $86.66, occasioned by a bone felon on a finger of his right hand, and for thirty days' total incapacity occasioned by blood poisoning, $100; his claim under both disabilities totaling $186.66. He alleged that he had made demand for payment more than thirty days before instituting the suit, and payment had been refused, and he asked for the 12 per cent. penalty allowed by law, and also for $50 attorney's fees, which he alleged was a reasonable fee. His prayer was for his debt, $186.66, "together with the 12 per cent. penalty prescribed by statute in the sum of $12.39, and aggregating the sum of $199.05." He also prayed for $50 as attorney's fee.

Appellant answered by plea to the jurisdiction of the justice court, alleging that the amount in controversy under the terms of appellant's petition was more than $200, exclusive of interest and costs, and was in fact $209.06, which was beyond the jurisdiction of said court, and that the suit should have been filed in the county court. It further answered, but we do not deem it necessary to discuss the defensive matters set out.

The plea to the jurisdiction of the court was overruled, and judgment rendered in favor of appellee for the amount prayed, $186.66 principal, and penalty $12.39, making $199.05, and $50 attorney's fee, and costs. This judgment was appealed to the county court of Shelby county, where appellant answered, omitting formal parts:

"1. This defendant by its duly authorized agent says that this court has no jurisdiction of this suit which is now pending in this court on appeal from the justice court of Shelby County, Texas, precinct number one, inasmuch as the said justice court never had jurisdiction of said alleged cause of action, and in support of this plea defendant respectfully points out to this court the following:

"(1) That this suit was filed in said justice court in Cause No. 2010 therein for $186.66 principal, alleged to be due under the terms of an insurance policy sued on, together with statutory penalty of $12.39, making total prayed for in said suit of $199.05.

"(2) That judgment was rendered in said suit in the justice court in favor of said plaintiff against said defendant company on or about the 30th day of June, 1932, for $186.66 principal, together with statutory penalty of $12.39, making the principal of said judgment aggregate the sum of $199.05.

"(3) That an appeal from said judgment by defendant has caused this suit to now be pending before this honorable court.

"(4) That a plea to the jurisdiction was filed in the justice court directing the court's attention to the fact that the amount in controversy was in excess of $200.00 and that the said court had no jurisdiction, but the same was overruled by said court, and judgment was finally entered as above stated.

"(5) That the only statutory penalty provided for by law for failure of an insurance company to pay a claim within 30 days etc., provides for a penalty of 12%.

"(6) That twelve per cent (12%) of $186.66 principal prayed for by plaintiff amounts to the sum of $22.40 making a total amount in controversy of $209.06, which sum is beyond the jurisdiction of the justice court and is exclusively cognizable in the county court of Shelby County, Texas.

"(7) That plaintiff in said suit fraudulently prayed for only $12.39 penalty for the fraudulent purpose of giving jurisdiction to the justice court of Shelby County, Texas, precinct number one.

"(8) That in as much as the actual amount in controversy in said justice court of Shelby County, Texas, precinct number one was the sum of $209.06, which sum the said justice court had no jurisdiction over, this honorable court has no jurisdiction of this controversy on appeal from said justice court, and this honorable court should dismiss this suit at plaintiff's cost, and all of the foregoing the defendant is ready to verify.

"Wherefore, this defendant prays judgment on this its plea to the jurisdiction of this court that this court take no further cognizance of this suit and dismiss this suit, in as much as the amount in controversy in said suit is in excess of the jurisdiction of it on appeal from the said justice court, and that plaintiff be decreed to pay all costs of court."

The plea to the jurisdiction was overruled and judgment rendered in favor of appellee in the sum of $86.66, with interest and costs of suit. From this judgment appellant brings this appeal.

In view of our conclusion as to the jurisdiction of the justice court to hear and determine the suit, we shall not further state the pleadings of the parties or the contentions as to the questions involved.

The justice court was without jurisdiction to hear the case. Said court is one of limited jurisdiction, $200 being the maximum amount that can be litigated in said court, exclusive of interest and costs. The plaintiff, Ray Kimbro, appellee here, filed written petition in said court setting forth his demands against the defendant insurance company, appellant here. He asked for $186.66

as the principal amount claimed to be due him, and by reason of article 4736, Revised Civil Statutes, demanded 12 per cent. of the amount claimed to be due him, as a penalty for refusing to pay. This penalty, correctly calculated, amounted to $22.40, but appellee stated it to be $12.39, which added to the principal amount of $186.66 would total $199.05, an amount within the jurisdiction of the justice court. It is evident that appellee intended to and attempted to waive all of the 12 per cent. penalty above the $12.39 stated by him, so as to bring the amount sued for within the justice court jurisdiction. His prayer in said court was: "Plaintiff asks judgment for his debt in the sum of $186.66 together with the 12 per cent penalty prescribed by statute in the sum of $12.39 and aggregating the sum of $199.05. Plaintiff further prays that the sum of $50.00 be allowed him for having to bring this suit; and that the same be taxed as part of the court costs in this case."

All four of appellant's propositions challenge the jurisdiction of the county court to entertain and pass upon the appeal, because the justice court was without jurisdiction to hear and determine the case, and so the county court would not have jurisdiction of an appeal from the judgment of the justice court. It is not questioned but that the 12 per cent. penalty allowed by article 4736, R. S., is a part of the amount in controversy in a suit where same is asserted, nor that same is a liquidated demand. As before stated, 12 per cent. of $186.66 is $22.40, which added to the principal amounts to $209.06, which is an amount exceeding the jurisdiction of the justice court.

Appellee insists that the justice court did have jurisdiction because "the amount prayed for was within the jurisdiction of the justice court, and therefore, within the appellate jurisdiction of the county court." His counter proposition is: "A person bringing a suit may waive any particular amount which he could sue for and the jurisdiction of the court is not determined by the amount which plaintiff could sue for; but is determined by the amount which is in fact sued for." He says: "In this case, appellee (the plaintiff below) sued only for $186.66, and $12.39, as penalty, making a total amount of $199.05, sued for. While it might be true that if the appellee wished, he possibly could have sued for a greater amount, as penalty, but the facts still exist that he did not sue but for the sum of $12.39, as penalty, and he had the perfect right to sue for whatever amount he wished, and surely the appellant could not complain because the appellee sued in the court below for an amount less than the amount he could have sued for and recovered a judgment for."

Appellant insists that appellee could not waive a portion of the 12 per cent. penalty, and sue for the remainder; that he must sue for the whole, if any; that jurisdiction cannot be thus conferred upon a court.

Appellant's contention must be sustained. It is well settled that in testing the jurisdiction of a court, the amount in controversy is determined by the allegations in the body of the petition, and not in the prayer for relief. Appellee asserts his right to recover the 12 per cent. penalty. In his prayer he asked for only a portion of the penalty. He could have waived the whole of the penalty, but he did not see proper to do this, but attempts to waive only a portion, clearly for jurisdictional purposes only. This he could not do. Pecos & N. T. Railway Co. v. Canyon Coal Co., 102 Tex. 478, 119 S. W. 294; Hooper Lumber Co. v. Texas Fixture Co., 111 Tex. 168, 230 S. W. 141; Taylor v. Buzan (Tex. Civ. App.) 241 S. W. 1084; Wischkaemper v. Allen (Tex. Civ. App.) 221 S. W. 1037; Jolly v. Underwood (Tex. Civ. App.) 277 S. W. 446; St. Louis Southwestern Railway Co. v. Berry (Tex. Civ. App.) 177 S. W. 1187.

The justice court not having jurisdiction of appellee's cause of action, the county court had none, and it is our duty to reverse the judgment of the county court, and dismiss the case, and it is so ordered.