## GRAMM et al. v. COFFIELD et al.

### No. 8626.

Court of Civil Appeals of Texas. Austin.
May 4, 1938.

Rehearing Denied May 25, 1938.

C. H. Chernosky and A. B. Gerland, both of Houston, and Lockhart, Hughes & Lockhart, of Galveston, for appellants.

J. W. Garner and E. A. Camp, both of Rockdale, and Wallace & Wallace, of Cameron, for appellees.

BLAIR, Justice.

As concerns this appeal, appellants, Mrs. Nell K. Gramm and her husband, John A. Gramm, and Mrs. Genevieve K. Mass, a feme sole, sued appellees, Dave and Nettie Scott, H. H. Coffield, and others, in trespass to try title of land in Milam County out of the Eliza Sante Original Grant of one league and one labor of land in Milam and Burleson Counties, describing the 206 acres by metes and bounds. A trial to a jury resulted in in-

structed verdicts and judgments for all appellees, apparently: (1) because appellants failed to show title in themselves from the sovereignty of the soil, or from common source with appellees; and (2) because appellants failed to sufficiently identify the land claimed by them and asserted to be in the possession of appellees.

The trial court also instructed a verdict and accordingly rendered judgment for appellees Dave and Nettie Scott upon their cross-action for title to the west one-half, or 103 acres, of the 206-acre tract under the 5-year statute of limitation.

We have reached the conclusion that the trial court erred in so instructing verdicts and rendering judgments for appellees.

Appellants claimed title from the sovereignty of the soil under the following instruments of conveyance:

1. A patent from the State to Eliza Sante (sometimes spelled Santee or Santy), dated October 15, 1847, conveying to her one league and one labor of land in Milam and Burleson Counties, being Patent No. 276, Vol. 6, and Abstract 317, recorded in the Deed Records of Burleson County, January 17, 1872.

2. A deed from John A. Santy, known also as John A. Flippen, to J. Lawrence Dickson, dated and duly acknowledged December 28, 1871, and recorded in the Deed Records of Burleson County, January 27, 1872, the material portions of which read as follows:

"The State of Texas, Grimes County:

"Know all men by these presents: That John A. Santy, sometimes known as John A. Flippen, of the County and State aforesaid, being the only heir by will and by blood of Eliza Sante, deceased * * *

"Have granted, bargained, sold and conveyed, and by these presents do grant, bargain, sell and convey unto the said J. Lawrence Dickson all my right, title and interest in and to a certain league and labor of land in Milam Conad District granted by the State of Texas to Eliza Santee, by patent No. 276, Vol. 6, issued on the 15th day of October, A. D. 1847. My interest in said league and labor of land being the same interest held by the said Eliza Sante at the time of her death, and containing at least nine hundred acres, but this sale is intended to convey the whole of my interest in and to said league

and labor, be the same more or less than nine hundred acres."

3. Sundry deeds and conveyances of parties claiming under said deed from John A. Santy, or John A. Flippen, to J. Lawrence Dickson, each such conveyance referring to said Santy or Flippen deed and making the record of it a part of the conveyance; and each such conveyance being recorded in Burleson County shortly after its execution, beginning in 1879, and down to the conveyance to appellants in 1925.

If the above mentioned deeds and conveyances were admissible in evidence, then appellants showed a regular chain of title in themselves emanating from the sovereignty of the soil; and the question here presented depends in the first instance upon the admissibility of the recital in the deed of John A. Santy or John A. Flippen that he was "the only heir by will and by blood of Eliza Sante, deceased." When this deed was offered in evidence, appellees objected to the recital; and the trial court excluded it upon the ground that appellees were not parties nor privies to the deed, and since it was not recorded in Milam County, where the 206-acre tract was situated, it was not competent nor sufficient proof either under the common law or statutes of this state of the recited fact that grantor was the only devisee and heir of Eliza Sante. Several of the deeds of parties claiming under this Sante or Flippen deed contained the same recital of heirship, and were excluded on the same grounds; and other conveyances, all referring to said recorded Santy or Flippen deed and making it a part of each conveyance, were excluded on the ground that they had not been recorded in Milam County, where the 206 acres of land are situated, and were therefore not notice to appellees of appellants' claim of title.

Other than the recital in the deed of John A. Sante (also known as John A. Flippen), that he was "the only heir * * * by blood of Eliza Sante, deceased," and some circumstantial evidence, there was no direct proof of such sole heirship. The undisputed proof showed that appellees claimed under a different chain of title, the instruments of conveyance upon which they relied being recorded in Milam County, where the 206 acres of land are situated. The evidence also showed that appellants were not in possession claiming under their

ancient instruments of title; but they alleged that appellees were in possession. In this situation the trial court excluded the recital of heirship and pedigree upon authority of the case of Watkins v. Smith, 91 Tex. 589, 45 S.W. 560, wherein the court held (page 561) that "recitals in a deed are evidence against the parties to such deed and their privies, but not against strangers"; and upon the further grounds that since the appellants were not in possession, and since the deed had never been recorded in Milam County, where the 206 acres were situated, it was not competent evidence either under the common law or statutes, as an ancient or other deed to prove prima facie the fact of sole heirship of grantor. Under the rule of the case cited and the more recent decisions following it the trial court seems to have correctly excluded the recital of heirship, unless it were mistaken in holding that the deed had not been properly registered under the registration and evidence statutes so as to become prima facie evidence of the fact of heirship recited in the deed. We have reached the conclusion that the trial court did err in so holding. The land conveyed by said deed and all mesne conveyances thereunder to appellants was at least prima facie shown to be situated in both Burleson and Milam Counties. Article 6630, R.S. 1925, provides that a deed or other instruments affecting real estate "shall be recorded in the county where such real estate, or a part thereof, is situated." And article 3726a, Vernon's Ann.Civ.St. art. 3726a, provides "that the statement of facts concerning any family history and showing who were the legal heirs of any deceased person when contained in either an affidavit or any instrument legally executed and acknowledged, when any such affidavit or instrument has been of record in the Deed Records of any County in the State of Texas in which the property affected is situated for five years or more shall be received in any suit as prima facie evidence of the facts therein stated * * *." These statutes both relate to the registration of instruments affecting the title to real estate and are in pari materia; and under a well settled rule of statutory construction, "all statutes relating to the same general subject shall be considered and construed together." Iola State Bank v. Mosley, Tex.Civ.App., 259 S.W. 227, 229, which case by analogy and on principle sustains our conclusion. It is manifest that since all of the instruments under which appellants

claim title were shown at least prima facie to convey land situated both in Burleson and Milam Counties, and had been recorded in Burleson County for a long period, all of them for a much longer period than five years, such recorded instruments are prima facie evidence of the legal heirship of grantor, John A. Sante, under these applicable statutes.

■ The deed from John A. Santy (or John A. Flippen) to J. Lawrence Dickson did not limit by any language the conveyance of land situated solely in Burleson County; but it clearly shows that grantor intended to convey all of his interest in the Eliza Sante Original Grant as held by her at the time of her death, wherever same might be located. The mesne conveyances of parties claiming under this deed each referred to the Sante or Flippen deed and the record of it for a description of the land conveyed; and the trial court erred in excluding these conveyances because each or at least a part of them merely recited that the land was situated in Burleson County. When such instruments of conveyance are construed from their four corners they conclusively show that the parties intended to convey all land remaining in Eliza Sante at the time of her death, which interest her "only heir * * * by blood" conveyed by his deed, and which original Sante Grant was situated partly in Burleson and partly in Milam Counties. So the question presented was the true location of the land intended to be conveyed, regardless of the county or counties in which it is situated. Bitner v. Land Company, 67 Tex. 341, 342, 3 S.W. 301; Miller v. Hodges, Tex.Com. App., 260 S.W. 168, 170; Merrill v. Bradley, 102 Tex. 481, 119 S.W. 297; Davis v. Duncan, Tex.Civ.App., 102 S.W.2d 287.

■■ In order to show the amount of land which had not been sold by Eliza Sante at the time of her death out of the original Sante Grant of one league and one labor, sundry deeds executed by her to various grantees were offered in evidence. A deed conveying one-fourth of the league and labor by William Oldham to Robert Robson, dated October 24, 1849, was excluded on the objection that "they cannot show that someone else years afterwards sold a certain tract of land of that survey; that it is incompetent to show how much was sold off or how little was sold off." No deed from Eliza Sante to Oldham was shown. The deed of Eliza Sante to Duer, dated November 30, 1854, used this language: "Thence

N. 19 W. with Houston's E. boundary line to the southwest corner of William Oldham's Forth sold by me to said Oldham." And her deed to Mary Jane Dougherty stated, "Thence S. 19 E. 480 varas to the S. E. corner of Oldham's quarter of said league." There was also introduced without objection a map "to show that there were different tracts of land sold out of this league and that title is outstanding." This map showed the location of the Oldham one-fourth league and the other tracts, and left the 206-acre tract as a part of the unsold land. Under such facts the Oldham deed showed no more than the map showed, and if not admissible, it was harmless. We conclude, however, that in view of the state of the record showing and referring to the sold lands, the Oldham deed was admissible to show by deduction what land was unsold at the time of the death of Eliza Sante, and especially so since the location and title to said one-fourth league is not in dispute in any manner; and that the evidence raised a fact issue as to whether the 206-acre tract was a part of such unsold land.

 The trial court erred in excluding as one link of appellants' chain of title a bankruptcy proceeding and a sale of the land thereunder, which the bankruptcy court ordered sold in a county other than the situs of the land. A sale under bankruptcy proceedings is not a sale under execution which our statutes require to be made in the county where the land is situated. James v. Koy, Tex.Civ.App., 59 S.W. 295.

We also conclude that appellees Dave and Nettie Scott were not entitled to an instructed verdict and judgment under their plea of title by the 5-year statute of limitation, Vernon's Ann.Civ.St. art. 5509, because they failed to show that they paid the taxes for the statutory period of five years in succession and before delinquency.

Dave Scott alone testified on the issue as follows:

"Q. Who paid the taxes? A. Me; I seen to paying them. Mother furnished the money as long as she lived.

"Q. Who gave the money to the collector? A. I did.

"Q. Have the taxes been paid each and every year on this 103 acres, since 1918, when she bought, that you know? A. There's two years, I may have lost the receipts.

"Q. You paid them? A. Yes, sir.

"Q. You are positive that you paid them for your mother during the time she lived. and since that time, you and your sister Nettie have paid them each year? A. Yes, sir."

In the case of Bryson v. Ferrill, Tex.Civ. App., 25 S.W.2d 1001, 1003, the court say: "The defendant's testimony failed to establish that he had paid the taxes upon the land in controversy for the statutory period of five years in succession, and before delinquency. The defendant testified in general terms that he had paid the taxes, but he did not testify that he did so in succession and before delinquency, which would be necessary to mature his claim under the statute of limitation. Baker et al. v. Fogle, 110 Tex. 301, 217 S.W. 141, 219 S.W. 450; Houston Oil Co. v. Niles (Tex.Com.App.) 255 S.W. 604."

The judgment of the trial court is reversed and the cause remanded.

Reversed and remanded.