## WILSON v. YATES.

### No. 13817.

Court of Civil Appeals of Texas. Fort Worth.

Oct. 14, 1938.

Clark & Stegall, of Fort Worth, for appellant.

Cal Estill, of Fort Worth, for appellee.

BROWN, Justice.

Appellee, Mrs. Hattie Yates, sued appellant, B. B. Wilson, in the County Court at Law No. 1 of Tarrant County, for damages, for personal injuries sustained by her, occasioned by appellant having run over her with his automobile.

The case being tried to the court, judgment was rendered for appellee, and we find the following language used therein: "And it appearing to the court that the plaintiff's injuries necessitated the incurring of doctor's bills, hospital and medi-

cal bills in the sum of One Hundred Dollars; and it further appearing to the court that the plaintiff had an earning capacity of approximately ten dollars per week, or forty dollars per month, and that she will be unable to pursue her work for at least twelve months, causing her to suffer damages in the sum of Four Hundred Eighty Dollars; and it further appearing to the court that the plaintiff is entitled to the sum of Four Hundred Dollars by reason of the pain and suffering she has suffered, as a result of the carelessness and negligence of the defendant and that said sum of Four Hundred Dollars is allowed plaintiff as exemplary damages.

"It is therefore ordered, adjudged and decreed by the court that the plaintiff do have and recover of and from the defendant, B. B. Wilson, the sum of Nine Hundred Eighty Dollars, together with all costs, etc."

The petition on which the cause was tried contains the following allegations:

"Plaintiff alleges that prior to her injury she was a strong and robust person and was well preserved for her age, and that at the time of the accident she was earning approximately $10.00 per week and was able to maintain herself, and that she has a life expectancy of at least eleven years. Plaintiff further alleges that the injuries complained of will probably cause her to be out of work for at least twelve months and that by reason thereof her damages are in the sum of $480.00. Plaintiff further alleges that by reason of said injuries she has been obliged to incur doctors bills, and medical and hospital bills and in the future will be obliged to incur doctors bills and medical and hospital bills in the sum of at least one hundred dollars, and that such charges and expense are necessary and will be necessary and will be fair and reasonable charges.

"Plaintiff alleges that as a result of the carelessness and negligence of defendant the plaintiff received a severe injury on her head, which she was forced to have treated, and in addition thereto she suffered a fractured vertebra. Plaintiff further alleges that on account of said injuries she has suffered the most severe and excruciating pain resulting in physical and mental suffering, and that she has been and will be damaged during the time of her recovery in the sum of $400.00 as exemplary damages.

"Wherefore, premises considered, plaintiff prays that defendant be cited to appear and answer herein, and that on final hearing hereof she have judgment against said defendant for damages hereinabove set forth, for all costs of suit, for interest at the legal rate from and after the date of said accident, and for such other and further relief, general and special, in law or equity, to which she may be justly entitled."

The first assignment of error calls attention to the fact that the appellee, on the face of her petition, has brought suit for damages aggregating One Thousand and Twenty Dollars ($1,020), which sum is beyond the jurisdiction of the trial court; and that it was fundamental error for the trial court to render any judgment whatsoever, for the plaintiff below, under her pleadings.

This assignment of error is well taken and we need not consider any further asserted error.

In this case the plaintiff below, as a part of her damages, alleges that she was, when injured, earning approximately $10 per week, and that she will be unable to work for a period of time, at least twelve months in duration. A twelve month period embraces fifty-two (52) weeks, and the amount thus sought to be recovered is obviously Five Hundred and Twenty Dollars ($520).

It matters not that in the body of the pleading the plaintiff in making her calculation has alleged, "and that by reason thereof her damages are in the sum of $480.00." Miscalculation by the pleader or by the court cannot alter the plain allegations of facts relied upon for recovery.

Looking into the petition, it is obvious that the plaintiff below sued for lost earnings in the sum of $520, for $100 hospital, medical and doctor's bills, and for $400, which she has erroneously called "exemplary damages", but which are sought to be recovered because "she has suffered the most severe and excruciating pain resulting in physical and mental suffering." These items, specifically pleaded, aggregate $1,020, which is the amount in controversy, and such sum is beyond the jurisdiction of the said trial court.

The fact that the plaintiff below remitted the sum of $400, on the theory that the judgment "was excessive and the

proof was not sufficient on exemplary or punitive damages," can avail her nothing.

While she chooses to designate this item of recovery as "exemplary damages", we know that she is in fact suing for "severe and excruciating pain resulting in physical and mental suffering", and such damages are recoverable as the natural consequences and results that arise by reason of the bodily injuries which were sustained by the plaintiff.

An array of decisions support our views; among them are: Taylor v. Buzan, Tex. Civ.App., 241 S.W. 1084; Davis, Director General, v. Rush, Tex.Civ.App., 288 S.W. 504; Simms Oil Co. v. Hall, Tex.Civ. App., 281 S.W. 286; Jolly v. Underwood, Tex.Civ.App., 277 S.W. 446, and Gulf, C. & S. F. Ry. Co. et al. v. Hamrick, Tex. Civ.App., 231 S.W. 166. Many cases are cited in support of the five opinions cited above, and it must follow that the trial court had no jurisdiction of the subject matter, and no authority to enter any judgment in the cause, except that of dismissal.

The judgment of the trial court is here reversed and the suit ordered dismissed.