**Alfredo ALFRED, Appellant,**

**v.**

**EARL HAYES RENTS CARS & TRUCKS, Appellee.**

**No. 14384.**

Court of Civil Appeals of Texas.

San Antonio.

May 12, 1965.

Ollie Mayo, Richard Tinsman, San Antonio, for appellant.

Charles W. Mohundro, Dallas, Theo. F. Weiss, San Antonio, for appellee.

BARROW, Justice.

This is an appeal from an order entered by the County Court at Law No. 2 of Bexar County, Texas, dismissing appellant's suit for want of jurisdiction. The question presented is whether an employee may waive all or part of his claim for liquidated damages which are authorized under Title 29,

United States Code, § 216(b),[1] and thereby keep the amount in controversy within the maximum jurisdiction of the county court.

Appellant, Alfredo Alfred, brought this suit against appellee, Earl Hayes Rents Cars & Trucks, a Texas Corporation, to recover the sum of $512.00, allegedly due him for wages and overtime under the Fair Labor Standards Act of 1938, and $375.00 attorney's fee. He further alleged that under this Act he was entitled to recover the sum of $512.00 as liquidated damages, "but Plaintiff here waives all but $112.50 of said liquidated damages and sues here only for $112.50 in liquidated damages." The amount prayed for by appellant was thereby kept within the maximum jurisdiction of the county court. Appellee filed its plea to the jurisdiction and asserted that the amount in controversy was in excess of $1,-000.00.

A similar proposition was presented to the Supreme Court in Pecos & N. T. Ry. Co. v. Canyon Coal Co., 102 Tex. 478, 119 S.W. 294 (1909). There the plaintiff, in a suit filed in the Justice Court, asserted a prayer for $199.50, although the body of his petition demonstrated that he sustained a loss in excess of $200.00. The Court held that the amount in controversy was beyond the jurisdiction of the Justice Court and cited with approval the following rule from Burke v. Adoue, Tex.Civ.App., 22 S.W. 824: "When the amount to which the plaintiff appears, from his allegations, to be entitled, is a fixed sum, and is beyond that which the law has empowered the court to adjudicate, the plaintiff should not be permitted to enter a fictitious credit for the avowed purpose of giving jurisdiction." See also Maryland Casualty Co. v. Overstreet, 61 S.W.2d 810

(Com.App.1933); Hooper Lumber Co. v. Texas Fixture Co., 111 Tex. 168, 230 S.W. 141 (1921); McDonald, Texas Civil Practice, § 6.09. Appellant's claim for liquidated damages equalled $512.00, which, together with other alleged damages, placed in controversy a sum in excess of $1,000.00.

■ At the hearing of the plea to the jurisdiction, appellant sought to file a trial amendment and abandon all his claim for liquidated damages. Under § 260 of the Act, supra, the court may, in its sound discretion, refuse to award liquidated damages, or may award less than the amount specified in § 216(b), if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith, and the employer had reasonable grounds for believing that his action or omission was not a violation of the Act. See Rothman v. Publicker Industries, 3 Cir., 201 F.2d 618.

The Supreme Court of the United States has construed this Act as not permitting the employee to waive his right to liquidated damages. In Brooklyn Savings Bank v. O'Neill, 324 U.S. 697, 65 S.Ct. 895, 89 L.Ed. 1296, it was said: "We are of the opinion that the same policy considerations which forbid waiver of basic minimum and overtime wages under the Act also prohibit waiver of the employee's right to liquidated damages."

■ The trial court therefore properly refused to permit appellant to abandon his claim for liquidated damages. Appellant's petition asserted a claim for damages in excess of $1,000.00, and the court properly dismissed the suit for lack of jurisdiction.

The judgment is affirmed.

1. Sec. 216(b) provides in part: "Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. * * * The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."