**ALLRIGHT, INC., Appellant,**

v.

**Talmage M. GUY, Appellee.**

**No. A2162.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Oct. 17, 1979.

Rehearing Denied Nov. 7, 1979.

George M. Bishop, Houston, for appellant.

W. Richard Ellis, III, Ramsey & Murray, Houston, for appellee.

Before BROWN, C. J., and MILLER and PRESSLER, JJ.

MILLER, Justice.

This is a bailment case brought about by the fact that Talmage M. Guy's automobile was stolen from an Allright Inc. parking lot. Appellee, Guy, filed suit in a county civil court at law of Harris County, claiming in his original petition three times his actual damages of $1,807.51, for a total of $5,422.53. The suit was brought under the provisions of the Texas Deceptive Trade Practices—Consumer Protection Act. Alternatively he alleged breach of bailment contract damages of $1807.51 in his original petition. We reverse and dismiss for want of jurisdiction.

In his second amended original petition, filed after the trial court overruled appellant's motion to dismiss for want of jurisdiction, appellee alleged damages of $1855.25 and pled for alternate recoveries of either three times this amount plus reasonable attorney's fees, "so as not to exceed the jurisdictional limits of (the) court" or the sum of $1855.25 by reason of the breach of the bailment contract.

In his point of error number one, appellant contends that the county court at law had no jurisdiction to hear the case because appellee's original petition asserted an amount of actual damages, $1,807.51, which when tripled exceeds the $5,000.00 maximum statutory jurisdiction of the court. Tex.Rev.Civ.Stat.Ann. art. 1970a (Vernon Supp. 1978–1979). We agree.

■ It is a settled rule of law in this state that the good faith allegations of the petition are determinative of whether the cause of action is justiciable by the court whose jurisdiction is sought to be invoked. *Brannon v. Pacific Employers Ins. Co.*, 148 Tex. 289, 224 S.W.2d 466, 469 (1949).

In *Woods v. Littleton*, 554 S.W.2d 662 (Tex.Sup.1977) our Supreme Court laid down the rule that in Deceptive Trade Practices Act cases "the consumer who proves all the elements required to recover actual monetary damages *shall* recover three times the actual monetary damages

and, supported by adequate proof, reasonable attorneys' fees and court costs." 554 S.W.2d at page 669. (Emphasis added.) "Considering the structure of the statute as a whole and its declared purpose, it is clear the award of treble damages is made mandatory." *Id.* at page 671. Therefore, neither the court nor the plaintiff may waive the right to treble damages in order to preserve the jurisdiction of the court. *Alfred v. Earl Hayes Rents Cars & Trucks*, 390 S.W.2d 839 (Tex.Civ.App.—San Antonio 1965, no writ).

Appellee urges that the recent Supreme Court decision in the case of *Flynt v. Garcia*, 587 S.W.2d 109 (Tex.1979), stands for the proposition that when he pleaded, as an alternative to the violation of the Consumer Protection Act, a breach of bailment contract loss of $1,807.51, the county court at law obtained jurisdiction of any and all alternative theories of recovery and had the power to enter judgment for any amount that flowed as a natural result therefrom.

Appellee's argument misses the mark. *Flynt v. Garcia* holds that if the original amount sued for is within the jurisdictional limits of the court, subsequent amendments seeking only additional damages that accrued because of passage of time do not defeat the court's jurisdiction. To hold that any alternative theory of recovery that is within the statutory monetary limits supports a court's jurisdiction of claims that are outside of such limits would destroy the statutory limitations. Thus, for example, if a county court at law had a case in which one claim was for damages of $4,500.00, and an alternative claim of $450,000.00 was asserted, the court would have jurisdiction of both claims. Such a result is untenable.

■ Inasmuch as we hold that the trial court had no jurisdiction, its judgment must be reversed and the case dismissed. We, therefore, do not reach appellant's other points of error.

Since the county court at law was without jurisdiction in this case, appellee may, of course, refile in the proper court within sixty days of the date that this decision

becomes final. Tex.Rev.Civ.Stat.Ann. art. 5539a (Vernon 1958).

Judgment reversed and cause dismissed for want of jurisdiction in the trial court.